IN THE SUPREME COURT OF TENNESSEE
HEARD AT NASHVILLE

## JOHN PAUL SEALS v. STATE OF TENNESSEE

**An Appeal from the Criminal Court for Hamblen County**
**No. 98-CR-001     James E. Beckner, Judge**

---

**No. E1998-00367-SC-R11-PC**

---

**AND**

---

## VIKKI LYNN FRITTS SPELLMAN v. STATE OF TENNESSEE

**An Appeal from the Circuit Court for Tipton County**
**No. 1957     Jon K. Blackwood, Judge**

---

**No. W1998-00849-SC-R11-PC**

---

**Decided June 20, 2000**

---

**FOR PUBLICATION**

We granted review in this consolidated appeal to determine whether mental incompetency tolls the one-year statute of limitations for filing a post-conviction petition under either a savings provision or constitutional due process. The trial court dismissed the petitions for being time-barred. The Court of Criminal Appeals held that constitutional due process requires that the statute of limitations be tolled while a petitioner is mentally incompetent. We conclude that the statute of limitations is not tolled by a savings provision but may be tolled by due process concerns where a petitioner is denied a reasonable opportunity to raise a claim in a meaningful time and manner. We affirm the judgment of the Court of Criminal Appeals.

**Tenn. R. App. P. 11; Judgment of the Court of Criminal Appeals Affirmed**

ANDERSON, C.J., delivered the opinion of the court, in which DROWOTA, BIRCH, BARKER, and HOLDER, JJ., joined.

Paul G. Summers, Attorney General & Reporter, and Michael E. Moore, Solicitor General, and Ellen H. Pollack, Assistant Attorney General, Peter M. Coughlan, Assistant Attorney General, Nashville, Tennessee, for the appellant, State of Tennessee.

Marti L. Kaufman, Memphis, Tennessee, for the appellees, John Paul Seals and Vikki Lynn Fritts Spellman.


## OPINION

We granted this consolidated appeal to decide whether under either the general savings statute set forth in Tenn. Code Ann. § 28-1-106 (1980) or constitutional due process a petitioner's mental incompetence will toll the one-year statute of limitations for filing a post-conviction action under the 1995 Post-Conviction Procedure Act.

Each of the appellees, John Paul Seals and Vikki Lynn Spellman, alleged in their separate post-conviction petitions that they were unable to bring their post-conviction claims within one year from the entry of the trial courts' judgments due to their mental incompetence. Each trial court dismissed the petition for being filed after the expiration of the statute of limitations. The Court of Criminal Appeals reversed, concluding that under our decision in Watkins v. State, 903 S.W.2d 302 (Tenn. 1995), a petitioner's mental incompetence tolls the statute of limitations.[1]

After reviewing the record and applicable authority, we conclude that the savings provision in Tenn. Code Ann. § 28-1-106 does not toll the one-year statute of limitations but that due process may require tolling to ensure that a petitioner has a meaningful opportunity to present claims in a reasonable time and manner. We therefore affirm the judgment of the Court of Criminal Appeals.

---

[1] In both cases, the Court of Criminal Appeals determined that the petitioners had satisfied the threshold burden of raising the issue of mental incompetency as it relates to the statue of limitations. The court recognized that "conclusory allegations" are insufficient to meet the threshold in this regard.

## BACKGROUND
### John Paul Seals

John Paul Seals pled guilty to first-degree murder in December of 1988, and was sentenced to life imprisonment. Seals later filed a petition for a writ of habeas corpus or in the alternative post-conviction relief asserting that his guilty plea was not voluntary and knowing and that he was denied his constitutional right to effective assistance of counsel. The trial court treated the petition as one for post-conviction relief and dismissed it as time-barred in April of 1994.

A second post-conviction petition was later filed by "next friend" on behalf of Seals. The petition alleged that Seals had been mentally incompetent since before his guilty plea and sentence and that mental incompetence tolls the statute of limitations. The trial court once again dismissed the petition for being time-barred.

The Court of Criminal Appeals reversed and remanded after concluding that Seals had satisfied the threshold burden for asserting mental incompetence and that a hearing was required for Seals and the State to present evidence as it related to mental incompetence and the tolling of the statute of limitations. The court said that if the trial court determined that the statute was tolled due to mental incompetence, it must consider the merits of the issues presented in the petition.

### Vikki Lynn Spellman

Vikki Lynn Spellman pled guilty to first-degree murder in April of 1988, and was sentenced to life imprisonment. In June of 1989, Spellman filed her first petition for post-conviction relief alleging ineffective assistance of counsel. Spellman was appointed counsel after she filed her petition, but the petition was dismissed prior to the evidentiary hearing.

Spellman, proceeding pro se, filed a second petition for post-conviction relief in December of 1997, alleging ineffective assistance of counsel at the time of her original guilty plea. She asserted that she withdrew her first petition because of her "psychological state" at the time and that she was in "no condition to assist post-conviction counsel in presenting anything in a logical, orderly fashion to the Court." She is currently residing in the Lois DeBerry Special Needs Facility. She stated in her petition that although she is still receiving treatment, she was able to file this second petition because of her "present, positive psychological health." The trial court dismissed the petition in January of 1998, without a hearing after finding that the petition was time-barred.

The Court of Criminal Appeals determined that Spellman had satisfied the threshold burden of raising mental incompetence and remanded for a hearing to determine whether tolling of the statute of limitations was required.

The State appealed in both cases.

## ANALYSIS

We begin by reviewing the history of post-conviction statutes in Tennessee. In <u>Case v. Nebraska</u>, 381 U.S. 336, 85 S. Ct. 1486, 14 L. Ed. 2d 422 (1965), the United States Supreme Court recommended that states enact procedures for addressing alleged constitutional errors occurring during the conviction process to supplement habeas corpus remedies available in federal court. The Tennessee legislature responded by creating the Post-Conviction Procedure Act in 1967. <u>Burford v. State</u>, 845 S.W.2d 204, 206 (Tenn. 1992).

Under the Act, relief was to be granted "when the conviction or sentence [wa]s void or voidable because of the abridgment in any way of any right guaranteed by the constitution of [Tennessee] or the Constitution of the United States." Tenn. Code Ann. § 40-30-105 (1990) (repealed 1995). Under the original Act, there was no statute of limitations, and a petition could be filed "at any time after [a petitioner] ha[d] exhausted his appellate remedies and before the sentence ha[d] expired or ha[d] been fully satisfied." Tenn. Code Ann. § 40-30-102 (1982) (repealed 1986).

### Statute of Limitations and the Savings Statute

In 1986, the legislature enacted a three-year statute of limitations in which petitioners had to file their claims:

> [a] prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102 (1990) (repealed 1995). By its terms, the statute provided for no exceptions and contained no specific provisions on tolling.

In <u>Watkins</u>, however, we addressed the issue of whether mental incompetence tolled the three-year period pursuant to a general savings provision, which stated:

> If the person entitled to commence an action is, at the time the cause of action accrued . . . of unsound mind, such person . . . may commence the action, after the removal of such disability, within the time of limitation for the particular cause of action, unless it exceed [sic] three (3) years, and in that case within three (3) years from the removal of such disability.

Tenn. Code Ann. § 28-1-106. We concluded that post-conviction petitions in this context were to be considered civil in nature, and we held that the savings statute applied to toll the three-year statute of limitations in cases where the petitioner was incompetent. <u>Watkins</u>, 903 S.W.2d at 305, 307.

Our holding in <u>Watkins</u> with respect to the savings statute does not, however, end the analysis in this case. The legislature enacted the Post-Conviction Procedure Act of 1995, which

repealed prior post-conviction statutes and contained several substantial changes. It reduced the time for filing a petition from three years to one year of the date of the highest state appellate court action, or, if there was no appeal, one year of the date of final judgment. Tenn. Code Ann. § 40-30-202(a) (Supp. 1996). The 1995 Act included an anti-tolling provision stating that "[t]he statute of limitations shall not be tolled for any reason . . . ." Id.[2] Moreover, following our decision in Watkins, the legislature again amended the statute to add the following italicized language:

> The statute of limitations shall not be tolled for any reason, <u>including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise.</u>

Tenn. Code Ann. § 40-30-202(a) (1997) (emphasis added); 1996 Tenn. Pub. Acts ch. 995, §§ 1-3. Accordingly, as the post-conviction statute has evolved, the legislature has limited the time and opportunity to file petitions seeking relief. <u>See</u> <u>Carter</u>, 952 S.W.2d 417, 419 (Tenn. 1997).

A basic principle of statutory construction is to ascertain and give effect to legislative intent without unduly restricting or expanding the intended scope of a statute. <u>Id.</u> at 419; <u>Owens v. State</u>, 908 S.W.2d 923, 926 (Tenn. 1995). This principle requires the Court to examine the language of a statute and, if unambiguous, apply its ordinary and plain meaning. <u>Parks v. Tennessee Mun. League Risk Management Pool</u>, 974 S.W.2d 677, 679 (Tenn. 1998); <u>Riggs v. Burson</u>, 941 S.W.2d 44, 54 (Tenn.), <u>cert. denied</u>, 522 U.S. 982, 118 S. Ct. 444, 139 L. Ed. 2d 380 (1997). If the legislative intent is expressed in a manner devoid of contradiction and ambiguity, there is no room for interpretation or construction, and courts are not at liberty to depart from the words of the statute. <u>State v. Pettus</u>, 986 S.W.2d 540, 544 (Tenn. 1999); <u>Hawks v. City of Westmoreland</u>, 960 S.W.2d 10, 16 (Tenn. 1997).

While the issue with which we are confronted is nearly identical to that in <u>Watkins</u>, we now face a different statute. In <u>Watkins</u>, the post-conviction procedures afforded an unconditional three years in which to file a petition pursuant to Tenn. Code Ann. § 40-30-102. The statute neither contained an anti-tolling provision nor included the enumerated exceptions to the statute of limitations for later-arising claims. Thus, we concluded that the savings statute did apply to toll the statute of limitations.

In contrast, we believe that the language of Tenn. Code Ann. § 40-30-202(a) is unambiguous and that its meaning and intended effect are clear. The filing time for a petition for post-conviction

---

[2] The 1995 Act contained only three exceptions to the one-year statue of limitations: a petition filed within one year of a ruling establishing a new constitutional right given retroactive application; a petition based on new scientific evidence of actual innocence; and a petition filed within one year of a judgment invalidating a conviction that was used to enhance a sentence. Tenn. Code Ann. § 40-30-202(b)(1)-(3).

relief is one year from the date of the final action. It is not to be tolled for any reason except those enumerated in Tenn. Code Ann. § 40-30-202(b). The statute specifically states that the no savings provision is applicable. Accordingly, we hold that the statute of limitations is no longer tolled by the savings statute in Tenn. Code Ann. § 28-1-106.

## Due Process

Our conclusion that the one-year statute of limitations for filing a post-conviction petition is not tolled by the savings provision does not end our analysis. We must also consider whether a petitioner's mental incompetence requires tolling the statute of limitations as a matter of constitutional due process.

The Fifth Amendment to the United States Constitution states in part that "[n]o person shall . . . be deprived of life, liberty, or property without due process of law. . . ." U.S. Const. amend. V. The Fourteenth Amendment to the United States Constitution provides that "[n]o state shall. . .deprive any person of life, liberty, or property, without due process of law." U.S. Cont. amend. XIV. The corresponding provision found in the Tennessee Constitution states that "no man shall be taken or imprisoned, or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers or the law of the land." Tenn. Const. art. I, § 8.

The language of the "due process" provisions in the United States Constitution differs from the "law of the land" provision found in the Tennessee Constitution. Although the terms on occasion have been viewed as synonymous, Daugherty v. State, 393 S.W.2d 739, 743 (Tenn. 1965), the United States Supreme Court's interpretations of the United States Constitution establish a minimum level of protection while this Court, as final arbiter of the Tennessee Constitution, is always free to extend greater protection to its citizens. Doe v. Norris, 751 S.W.2d 834, 838 (Tenn. 1988).

We have previously recognized that a state has no duty to enact post-conviction procedures and that the opportunity to collaterally attack constitutional violations occurring in the conviction process is not a fundamental right during the conviction process. Burford, 845 S.W.2d at 207. We also have recognized that a state which does enact post-conviction procedures may set up reasonable procedural requirements, such as a statute of limitations, and that a claim may be terminated "for failure to comply with a reasonable procedural rule without violating due process rights." Id. at 208.

"Due process is flexible and calls for such procedural protections as the particular situation demands." Phillips v. State Bd. of Regents, 863 S.W.2d 45, 50 (Tenn. 1993) (citation omitted). The flexible nature of procedural due process requires an imprecise definition because due process embodies the concept of fundamental fairness. State v. Barnett, 909 S.W.2d 423, 426 (Tenn. 1995); State v. Hale, 840 S.W.2d 307, 313 (Tenn. 1992). In determining what procedural protections a particular situation demands, three factors must be considered: (1) the private interest at stake; (2) the risk of erroneous deprivation of the interest through the procedures used and the probable value, if any, of additional or substitute safeguards; and finally, (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute

procedural requirement would entail. Mathews v. Eldridge, 424 U.S. 319, 335, 96 S. Ct. 893, 903, 47 L. Ed. 2d 18 (1976); Phillips, 863 S.W.2d at 50.

In this case, the private interests at stake are the defendants' opportunities to attack the convictions and sentences of incarceration on the grounds that the petitioners were deprived of constitutional rights during the conviction process. The government's interest is avoiding the litigation of stale and groundless claims. Burford, 845 S.W.2d at 207. The legislative history of the post-conviction statute of limitations reveals that the legislature was concerned about allowing prisoners to assert claims so long after their convictions that witnesses are no longer available or their memory of the events are affected. The legislature was also concerned with the cost of allowing the litigation of successive and often fruitless post-conviction claims, including the cost of transporting prisoners to hearings. Id.

A petitioner's interest in collaterally attacking a conviction is not a fundamental right that deserves heightened due process protection. However, before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." Id. The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined." Id.

In Burford, the petitioner contended that the fifty-year persistent offender sentence imposed upon him for his 1985 robbery conviction was excessive because four of the previous robbery convictions used to enhance his sentence were set aside by a trial court in 1988. Burford's post-conviction claim, filed in 1990, arose after the expiration of the statute of limitations. We concluded that the three-year statute of limitations set forth in Tenn. Code Ann. § 40-30-102, on it face, provided a reasonable opportunity for the presentation of post-conviction claims, but that the application of the statute to Burford's case violated due process because he did not have a reasonable opportunity to present his claim in a meaningful time and manner. Burford, 845 S.W.2d at 208.

We addressed these due process concerns in the Watkins decision, holding that "[e]ven in the absence of a statute tolling the statute of limitations, application of the statute of limitations to the facts of this case would violate constitutional due process." Watkins, 903 S.W.2d at 305-06. In discussing Burford, we concluded that consideration must be given to the petitioner's interest of having an opportunity to attack his conviction based on the deprivation of a constitutional right and the State's legitimate interest in preventing the piecemeal litigation of stale and groundless claims. Id. at 306. We concluded that:

> because a petitioner who was incompetent throughout the limitations period would be denied the opportunity to challenge his conviction in a meaningful manner, the failure to toll the limitations period would deny such a petitioner a fair and reasonable opportunity for the bringing of the [post-conviction] petition, and thus, would violate due process.

Id. at 307 (emphasis added). In other words, "if the petitioner was mentally incompetent, and therefore legally incapable, he would be denied any opportunity to assert his constitutional rights in a post-conviction petition, <u>unless the period of limitations was suspended during his mental incompetence</u>." Id. (emphasis added). Accordingly, due process requires that some reasonable opportunity to assert those rights be afforded.

We recognize that the <u>Burford</u> inquiry has been clarified in some circumstances. In <u>Sands v. State</u>, 903 S.W.2d 297 (Tenn. 1995), we said that consideration must be given to whether the petitioner is raising a claim that has arisen <u>after</u> the statute of limitations has began to run, i.e., a "later-arising" claim. Id. at 301. As we later explained in <u>Wright v. State</u>, 987 S.W.2d 26, 28 (Tenn.), <u>cert. denied</u>, __ U.S. __, 120 S. Ct. 81, 145 L. Ed. 2d 69 (1999), a court must:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

Id. at 28; <u>see also</u> <u>Caldwell v. State</u>, 917 S.W.2d 662, 665 (Tenn. 1996).

The "later-arising claim" limitation in <u>Sands</u> reflects the concern that a petitioner who fails to assert an existing claim, that is, a claim that is not later-arising, in a timely fashion may not expect due process relief under <u>Burford</u>. This concern is not present in a case where a petitioner fails to assert a claim within the statute of limitations due to mental incompetence as in <u>Watkins</u>. Significantly, <u>Watkins</u> makes no mention of <u>Sands</u> and does not limit the due process analysis in cases involving mental incompetency to later-arising grounds.

The petitioner in <u>Watkins</u>, like the petitioners in the present case, raised issues challenging guilty pleas and the ineffective assistance of counsel – issues that were not later-arising. We nonetheless concluded that a petitioner who was mentally incompetent could not be denied a reasonable opportunity to raise these claims in a meaningful manner without violating due process. Thus, we concluded that the mental incompetency, if established, tolled the statute of limitations. We adhere to that holding in the present case.

Accordingly, we conclude that while the one-year statute of limitations set forth in Tenn. Code Ann. § 40-30-202(a) does not violate due process on its face, application of the statute must not deny a petitioner a reasonable opportunity to raise a claim in a meaningful time and manner. Thus, a petitioner who is mentally incompetent is denied an opportunity to raise a claim in a meaningful manner unless the statute of limitations is tolled during the period of mental incompetence.

## CONCLUSION

We have concluded that the one-year statute of limitations in post-conviction actions set out in Tenn. Code Ann. § 40-30-202(a) is not tolled due to mental incompetence under the savings provision in Tenn. Code Ann. § 28-1-106. We have further concluded, however, under Watkins, that due process requires tolling of the statute of limitations where a petitioner is denied the reasonable opportunity to assert a claim in a meaningful time and manner due to mental incompetence. We therefore agree with the Court of Criminal Appeals that because both Seals and Spellman met the threshold burden of raising the issue of mental incompetence, the cases must be remanded for further proceedings.

We affirm the judgments of the Court of Criminal Appeals. Costs of the appeals shall be assessed to the State of Tennessee.