IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 17, 2000

## WARDELL LEWIS V. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Campbell County**
**No. 10,408    E. Shayne Sexton, Judge**

---

**No.  E2000-01735-CCA-R3-CD**
**December 20, 2000**

---

The petitioner appeals the dismissal of his petition for post-conviction relief.  The trial court dismissed the petition because it was not filed within one year of the date on which the judgments became final.  We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court; Affirmed.**

WILLIAM B. ACREE, JR., Sp.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and DAVID H. WELLES, JJ., joined.

Wardell Lewis, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General & Reporter; Clinton J. Morgan, Counsel; William Paul Phillips, District Attorney General; Michael O. Ripley, Assistant District Attorney, for the appellee, State of Tennessee

**OPINION**

On February 20, 1996, judgments of conviction were entered sentencing the petitioner to an effective sentence of eight years in the Tennessee Department of Corrections.  The sentences resulted from the petitioner's plea of guilty to the crime of possession of controlled substance with intent to sell or deliver and to the crime of carrying a deadly weapon with the intent to commit an offense.  There was no direct appeal of the judgments of conviction.

On March 6, 2000, the petitioner filed a petition for post-conviction relief alleging ineffective assistance of counsel.[1]  The trial court found that the petition was not filed within one year of the

---

[1]The petition was filed approximately four years after the judgments of conviction.  Ordinarily, a person serving an eight year sentence would have already been released from custody by the Tennessee Department of Corrections.  However, it appears from the record that the petitioner absconded and did not begin serving his sentence

date on which the judgments became final and summarily dismissed it.

T.C.A. §40-30-202 requires that where there is no appeal, a petition for post-conviction relief must be filed within one year of the date on which the judgment became final. There are exceptions to the one year requirement,[2] however, the petitioner does not allege and the record does not contain evidence that any of the exceptions apply. We hold that the petition is barred by the one year statute of limitations.

It is the opinion of this Court that the judgment of the trial court should be affirmed pursuant to Rule 20, T.R.Cr.P.

_____
WILLIAM B. ACREE, JR., SPECIAL JUDGE

until 1999.

[2]See T.C.A. §40-30-202(b) (c) (newly established constitutional right, new scientific evidence, prior sentence used to enhance subsequently ruled invalid) and also Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000) wherein the Court held that due process requires tolling of the Statute of limitations where a petitioner is denied the reasonable opportunity to assert a claim in a meaningful time and manner due to mental incompetence.