IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 21, 2001

**STATE OF TENNESSEE v. TRACY GOBER**

**Interlocutory Appeal from the Circuit Court for Bradley County**
**No. 00-185     Carroll Lee Ross, Judge**

**No. E2001-00296-CCA-R9-CO**
**September 18, 2001**

The issue is how to compute the number of prior offenses available for consideration in determining multiple offender status pursuant to Tennessee Code Annotated section 55-10-403(a)(3). We conclude to compute the number of prior convictions available for consideration, the court must first determine whether the defendant has any prior convictions occurring within ten years of the date of the instant conviction. If so, all prior convictions shall be counted occurring within twenty years of the date of the instant conviction provided no period greater than ten years has elapsed between any two preceding prior convictions. An example is contained in the opinion. We reverse the trial court's order amending the indictment to charge third offense and reinstate the original indictment charging ninth offense driving under the influence.

**Tenn. R. App. P. 9; Judgment of the Circuit Court Reversed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Joseph Victor Hoffer, Assistant District Attorney General, for the appellant, State of Tennessee.

Jerry Hoffer, Cleveland, Tennessee, for the appellee, Tracy Gober.

## OPINION

### Facts

On February 3, 2000, the defendant, Tracy Gober, was indicted, in Bradley County, in count one for driving under the influence, ("DUI"). See Tenn. Code Ann. § 55-10-401. Count two of the indictment alleged that the defendant had been previously convicted of DUI and had thus committed a ninth DUI offense. See Tenn. Code Ann. § 55-10-403(a)(3). The indictment listed the following eight prior convictions:

| | |
|---|---|
| 5/23/1984 | Knox County, Tennessee |
| 4/17/1986 | Anderson County, Tennessee |
| 4/17/1986 | Anderson County, Tennessee |
| 8/11/1986 | Clayton County, Georgia |
| 6/11/1987 | Cobb County, Georgia |
| 6/11/1987 | Cobb County, Georgia |
| 8/06/1992 | McMinn County, Tennessee |
| 5/14/1998 | Bradley County, Tennessee |

The defendant moved to dismiss count two of the indictment. Defense counsel stated:

When I look at the indictment, I see that Mr. Gober's immediately preceding conviction is May 14, 1998. If I go ten years back there is only one other additional DUI, that being on August 6, 1992. So I would ask the court to dismiss the indictment. He is really only charged with third offense DUI, the way I have interpreted the statute.

The trial court agreed with the defendant's contention and ordered the indictment amended to charge third offense DUI. The State sought an interlocutory appeal pursuant to Rule 9, Tennessee Rules of Appellate Procedure, which was granted. Application for permission to appeal was granted by this court and filed March 9, 2001.

### Analysis

The controlling statute is Tennessee Code Annotated section 55-10-403(a)(3), which sets forth the appropriate method for calculating multiple DUI offenses as follows:

For purposes of this section, a person who is convicted of a [DUI] violation . . . shall not be considered a repeat or multiple offender and subject to the penalties prescribed in subsection (a), if ten (10) or more years have elapsed between such conviction and any immediately preceding conviction for a violation. If, however, a person has been convicted of a [DUI] violation . . . within ten (10) years of the present violation, then such person shall be considered a multiple offender and is subject to the penalties imposed upon multiple offenders by the provisions of subsection (a). If a person is considered a multiple offender under this subdivision,

then every conviction for a [DUI] violation . . . within ten (10) years of the immediately preceding violation shall be considered in determining the number of prior offenses, but in no event shall a conviction for a violation occurring more than twenty (20) years from the date of the instant conviction be considered for such purpose.

Tenn. Code Ann. § 55-10-403(a)(3) (2000).

The defendant contends that the proper way to calculate which prior convictions should be considered to determine multiple offender status is to determine the date of the first conviction immediately preceding the instant conviction and count back ten years from that date. Only the prior convictions occurring between those dates are appropriate for consideration. As applied to the instant case, the first immediately preceding conviction occurred on May 14, 1998. The defendant would have us go back ten years to May 14, 1988 as the cut-off point. Since there are only two prior convictions occurring between May 14, 1998 and May 14, 1988, the defendant contends he could only be charged with third offense DUI.

The Tennessee Supreme Court has set forth that rules of statutory construction require effect to be given to the legislative intent without unduly restricting or expanding the intended scope of a statute. Seals v. State, 23 S.W.3d 272, 276 (Tenn. 2000). We should, therefore, examine the natural and ordinary meaning of a statute's language within the context of the entire statute without forced or subtle construction that would extend or limit its meaning. State v. Flemming, 19 S.W.3d 195, 197 (Tenn. 2000). Statutory construction should not render portions of the statute inoperative. State v. Turner, 913 S.W.2d 158, 160 (Tenn. 1995). If an ambiguity is found to exist, we should look to the entire statutory scheme in seeking to ascertain the true legislative intent. Owens v. State, 908 S.W.2d 923, 926 (Tenn. 1995).

As we review the plain language of the statute and the legislative history, it is clear that whenever an offender maintains a ten-year DUI conviction free period, the state is barred from using any prior convictions beyond that period for purposes of enhanced punishment. This ten-year DUI conviction free period is important in two ways. First, in order to be considered as a multiple offender one must have a prior DUI conviction occurring within ten years from the date of the instant conviction. Second, if at any time a ten-year DUI conviction free period exists between preceding prior convictions, the State is barred from using any prior conviction beyond that ten-year period for the purposes of enhanced punishment We should be clear, however, that in no event may a prior conviction be used for the purpose of enhanced punishment if it occurred more than twenty years before the date of the instant conviction.

Example One

Defendant X's instant conviction occurred April 1, 2001. The defendant has four prior DUI convictions, all occurring six years apart; April 1, 1995; April 1, 1987; April 1, 1981; April 1, 1975. First question. Does the defendant have a prior DUI conviction occurring within ten years of the instant offense? The answer is yes, April 1, 1995. Second question. Does the defendant have a ten-year DUI conviction free period between any preceding prior conviction? The answer is no, all convictions are

-3-

six years apart. Third question. Does the defendant have any prior convictions more than twenty years from the instant conviction? The answer is yes, April 1, 1975. Therefore, the defendant may be charged with fourth offense driving under the influence.

Example Two

Defendant X's instant conviction occurred on July 1, 2001. Defendant X has two prior convictions occurring on July 3, 1991 and July 3, 1981. Defendant X has a prior conviction within ten years of his/her instant conviction, July 3, 1991. Exactly ten years prior to July 3, 1991 and just days shy of twenty years prior to the instant conviction, defendant had another prior conviction on July 3, 1981. Defendant X should be charged with third offense driving under the influence.

This defendant's argument directly contradicts the existence of the twenty-year limit contained in the statue. Hence, rendering the twenty-year limit inapplicable. We agree with the State that as long as this matter is concluded on or before May 22, 2004 -- twenty years from the oldest prior conviction – none of the defendant's convictions are excluded from consideration for enhanced punishment. Applying our analysis to the instant case, we first assume that the defendant's instant conviction occurs on or before May 22, 2004. This defendant had a prior conviction for DUI on May 14, 1998, which is within ten years of the instant conviction. Furthermore, there is no period greater than ten years between any of the defendant's prior preceding convictions. Therefore, all convictions occurring within twenty years from the date of the instant conviction may be considered in determining the defendant's multiple offense status. Count two of the indictment charging this defendant with ninth offense driving under the influence is correct.

## **Conclusion**

We conclude the trial court erred in amending the indictment to charge third offense driving under the influence and we reinstate the original indictment charging the defendant with ninth offense driving under the influence.

_____
JOHN EVERETT WILLIAMS, JUDGE