IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 10, 2002

## MELVIN JOHNSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-26159     J.C. McLin, Judge**

_____

**No. W2002-00904-CCA-R3-PC  - Filed October 15, 2002**

_____

The Shelby County Criminal Court dismissed the petition for post-conviction relief filed by the petitioner, Melvin Johnson, as untimely under the one-year statute of limitations.  In this appeal, the sole issue before this court is whether the petitioner's allegation that he was housed in a therapeutic community with limited access to legal information tolls the statute of limitations.  Upon review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and DAVID G. HAYES, JJ., joined.

James E. Thomas, Memphis, Tennessee, for the appellant, Melvin Johnson.

Paul G. Summers, Attorney General and Reporter; P. Robin Dixon, Jr., Assistant Attorney General; William L. Gibbons, District Attorney General; and Raymond J. Lepone, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On October 20, 2000, the petitioner, Melvin Johnson, pled guilty to attempted first degree murder and was sentenced to fifteen years in the Department of Correction.  On February 15, 2002, the petitioner, acting *pro se,* filed a petition for post-conviction relief, alleging ineffective assistance of counsel and an involuntary guilty plea.  He noted in his petition that he was filing beyond the one-year statute of limitations because he was housed in a "therapeutic community" with "limited access to legal assistance and no law books."  The trial court dismissed the petition as untimely under the one-year statute of limitations.  This appeal followed.

The petitioner contends that due to his segregation from the general prison population, he did not have access to adequate legal materials and adequate legal assistance, thus violating his

constitutional right to access to the courts. The petitioner further contends the one-year statute of limitations should be tolled as a result. We disagree.

> Under the current Post-Conviction Procedure Act, all petitions must be filed within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-202(a).

The statute further provides that a court may consider a petition filed outside the one-year period if (1) a new constitutional right has been recognized; (2) the petitioner's innocence has been established by new scientific evidence; or (3) a previous conviction that enhanced the petitioner's sentence has been held to be invalid. Tenn. Code Ann. § 40-30-202(b)(1)–(3).

In addition to the exceptions expressed in the statute, the Tennessee Supreme Court has held a court may consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). Thus, a mentally incompetent petitioner is entitled to tolling relief during the period of incompetency. Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000).

In the present action, the plea and sentence were entered in October 2000. The petitioner did not file a petition for post-conviction relief until February 15, 2002, well over one year after final judgment.

The petitioner asserts that the statute of limitations should be tolled because he lacked the adequate legal resources and assistance required to prepare the petition as a result of his incarceration in a segregated area of the state penitentiary. Neither the due process exception nor the statutory exceptions for untimely filing listed in Tennessee Code Annotated section 40-30-202(b) apply in this case. *See* William Lynn Johnson v. State, No. 02C01-9605-CR-00136, 1997 Tenn. Crim. App. LEXIS 555, at \*\*8-9 (Tenn. Crim. App. June 10, 1997, at Jackson), *perm. to app. denied* (Tenn. Sept. 15, 1997) (holding that incarceration in a federal prison without access to Tennessee legal resources does not fall within the statutory exceptions nor the Burford exception); Freddie Mans v. State, No. 02C01-9605-CR-00147, 1997 Tenn. Crim. App. LEXIS 548, at \*\*9-11 (Tenn. Crim. App. June 9, 1997, at Jackson), *perm. to app. denied* (Tenn. Dec. 8, 1997).

In accordance with prevailing case law, we hold the petitioner's lack of adequate legal resources does not toll the one-year statute of limitations. We affirm the trial court's dismissal of the petition for post-conviction relief.

_____
JOE G. RILEY, JUDGE