# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## MARK STEVEN PARKER v. STATE OF TENNESSEE

### Direct Appeal from the Circuit Court for Madison County
### No. C05-31    Roger A. Page, Judge

---

### No. W2005-00506-CCA-R3-PC  - Filed November 21, 2005

---

The Petitioner, Mark Steven Parker, appeals the lower court's denial of his petition for post-conviction relief.  The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The petition was filed outside the applicable statute of limitation and is, therefore, time-barred.  Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ. joined.

Mark Steven Parker, pro se.

Paul G. Summers, Attorney General & Reporter; Brian C. Johnson, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

From the record before this Court, it appears that the Petitioner, Mark Steven Parker, entered a guilty plea to one count of aggravated assault on June 25, 2003.  An eight-year-sentence in the Department of Correction was imposed.  No appeal was taken of the sentence.  On January 31, 2005,

the Petitioner filed a petition for post-conviction relief, alleging an involuntary guilty plea and the ineffective assistance of trial counsel. In the petition, he acknowledged that the petition was time-barred on its face but claimed that a "mental defect" tolled the time for tolling for the petition. No explanation as to the "mental defect" is asserted in the petition.

By order entered February 1, 2005, the trial court denied post-conviction relief, finding that the petition was statutorily time-barred. The trial court related the contents of the Petitioner's trial record, including documents ordering mental evaluation, a letter dated February 27, 2003, stating that the Petitioner met the standards for judicial commitment, and the court's March 11, 2003, order directing judicial forensic hospitalization. The trial court further acknowledged that the Petitioner was discharged from the hospital and was deemed competent as of May 19, 2003.

There is no dispute that the post-conviction petition was filed beyond the one-year statute of limitation. Rather, the Petitioner relies upon an alleged "mental defect" to toll the one-year statute of limitation. Our supreme court has held that the application of the statute of limitations could violate due process if it denies a mentally incompetent petitioner a reasonable opportunity to seek relief in a meaningful time and in a meaningful manner. *Seals v. State,* 23 S.W.3d 272, 279 (Tenn. 2000). The Court thus concluded that due process requires tolling of the statute of limitations during a period of mental incompetency. *Id.*

Our supreme court has subsequently emphasized that in order to rely on a tolling of the statute of limitations based on mental incompetency, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period." *State v. Nix,* 40 S .W.3d 459, 464 (Tenn. 2001). "Failure to include sufficient factual allegations of either compliance with the statute or incompetence requiring tolling will result in dismissal." *Id.* The court emphasized that "to make a *prima facie* showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities." *Id.* In this regard, the high court cautioned that "[u]nsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under [T.C.A. § 40-30-106(b) & (f)]." *Id.*

The petition filed in the instant case alleges that the Petitioner has a "mental defect." A two-page addendum to the petition contains allegations that the Petitioner was being administered "psyche medication" "after and during the plea bargaining process." Neither the petition nor the addendum contain allegations sufficient to toll of the statute of limitations or prevent summary dismissal of the petition as time-barred. We cannot conclude that the application of the one-year statute of limitation in this case violates the principles of due process. Accordingly, the trial court properly determined that the petition was time-barred.

A review of the record supports the State's motion for affirmance pursuant to Rule 20, Rules

of the Court of Criminal Appeals.  The State's motion is granted and the judgment of the trial court is affirmed.[1]  *See* Tenn. R. Ct. Crim. App. 20.


_____

JOHN EVERETT WILLIAMS, JUDGE

---

[1] Although not determinative of this Court's ruling on the State's motion, we note that the initial brief filed by the Petitioner in this matter fails to comply with Rule 27, Tennessee Rules of Appellate Procedure.   The fact that the Petitioner is proceeding *pro se* does not excuse him from complying with the Rules of Appellate Procedure and the Rules of this Court.  In this respect,  had this Court not ruled in favor of the State on the instant motion, it is most likely that all issues on appeal would have been deemed waived by a subsequent panel of this Court . *See*  T.R.A.P. 27; Tenn. R. Ct. Crim. App. 10.