IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 12, 2014

**MICHAEL MORRIS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2004-I-991      Monte Watkins, Judge**

_____

**No. M2013-01652-CCA-R3-PC - Filed April 2, 2014**

_____

Petitioner, Michael Morris, was indicted by the Davidson County Grand Jury in July of 2004 for possession of less than .5 grams of cocaine with the intent to sell. Petitioner pled guilty to the charge in September of 2004 in exchange for a suspended four-year sentence and drug treatment. In September of 2012, Petitioner filed a pro se petition for post-conviction relief. The post-conviction court dismissed the petition as time-barred. Petitioner appeals. After a review of the record, we determine that the post-conviction court properly dismissed the petition for post-conviction relief as time-barred by the statute of limitations. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and JEFFREY S. BIVINS, JJ., joined.

Ryan K. H. Nevin, Nashville, Tennessee, for the appellant, Michael Morris .

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Roger Moore, Assistant District Attorney General, for the appellant, State of Tennessee.

**OPINION**

*Factual Background*

Petitioner was indicted by the Davidson County Grand Jury in July of 2004 for possession of less than .5 grams of cocaine with the intent to sell. In September of 2004,

Petitioner pled guilty to the charge. As a result of the guilty plea, Petitioner received a four-year sentence. The trial court suspended the sentence, ordering Petitioner to serve the time on probation. The trial court also ordered Petitioner to drug treatment at the "V.A." as part of the sentence. The judgment form also indicates that "GS 187019, GS 187021, and SC 580058" are dismissed.

On September 24, 2012, Petitioner filed a pro se petition for post-conviction relief.[1] In the petition, Petitioner claimed that his "previous prior conviction resulted in improper sentences and was improperly used to enhance [his] sentence in this case to career." Additionally, Petitioner claimed that his guilty plea did not waive the right to seek post-conviction relief; that his guilty plea was unknowing and involuntary; and that he was not notified of the right of self-incrimination, among other things. Confusingly, Petitioner references both his cocaine conviction and aggravated robbery conviction in the memorandum that supports the petition for post-conviction relief.

On November 15, 2012, the post-conviction court entered an order indicating that "Petitioner has filed another pro se petition for post-conviction relief alleging the same matters that have previously been ruled on by this Court." The post-conviction court dismissed the petition.[2]

On February 22, 2013, Petitioner filed a notice of appeal. On June 5, 2013, the post-conviction court appointed counsel for appeal purposes.

---

[1]In the petition, Petitioner affirmatively states that he previously filed a petition for post-conviction relief and the date of the result was "5-13-10" and the "CCA affirmed the lower courts decision on 1-6-12." We have surmised that this post-conviction petition and appeal pertained to Petitioner's conviction for aggravated robbery, rather than his conviction for possession of cocaine. *See Michael V. Morris v. State*, No. M2010-02069-CCA-R3-PC, 2012 WL 76905 (Tenn. Crim. App., at Nashville, Jan. 6, 2012), *perm. app. denied*, (Tenn. Apr. 20, 2012). As such, this is the first post-conviction petition that we can determine was filed with regard to Petitioner's conviction for possession of cocaine. It appears the post-conviction court was somewhat confused about the content of the prior petition for post-conviction relief and whether it related to the conviction for possession of cocaine at issue herein.

[2]The order indicates that on August 25, 2009, the post-conviction court entered an order dismissing Petitioner's first petition for post-conviction relief on the basis that it was time-barred. This order does not appear in the record. There does not appear to have been an appeal from this denial, and it is not clear if this petition was related to the case of *Michael V. Morris v. State*.

*Analysis*
*Timeliness of Notice of Appeal*


On appeal, Petitioner challenges the dismissal of his petition for post-conviction relief. We must begin our analysis by addressing the timeliness of the notice of appeal. We note, as pointed out by the State, that Petitioner's notice of appeal was filed more than two months after the order of summary dismissal of the petition was filed.

Petitioner claimed in his notice of appeal that it was untimely because the trial court did not "post" the order until February 15, 2013, and Petitioner did not receive the order until February 20, 2013. However, Petitioner failed to move this Court to waive the timeliness of the notice of appeal. Despite this failure, we acknowledge that the notice of appeal in criminal cases is not jurisdictional, and can be waived by this Court "in the interests of justice." Tenn. R. App. P. 4(a). We have decided to waive the timely notice of appeal.

*Timeliness of Petition for Post-conviction Relief*


On appeal, Petitioner posits that the post-conviction court improperly dismissed the petition for post-conviction relief as time-barred by the statute of limitations. The State argues that the petition was filed outside the statute of limitations, and due process does not warrant the tolling of the limitations period. Therefore, this Court should affirm the summary dismissal of the petition.

Under the Post-Conviction Procedure Act, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year of the date on which the judgment became final. T.C.A. § 40-30-102(a). Unless one of the enumerated exceptions applies, a court does not have jurisdiction to consider an untimely petition. *See* T.C.A. § 40-30-102(b). Tennessee Code Annotated section 40-30-102(b) states:

(b) No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

In the present case, the post-conviction court determined that the petition was filed almost seven years to the day after the date of the final action by the highest court to which an appeal was taken and thus well outside the statute of limitations. Petitioner fails to allege any circumstances that prevented him from filing the petition in a timely fashion or any situation that would require tolling of the statute of limitations. Of course, this Court may consider an otherwise untimely petition if applying the statute of limitations would deny due process. *Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000). Due process requires the opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." *Id.* This is dependent on "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined." *Id.* at 277-78 (quoting *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992)). In *Whitehead v. State*, 402 S.W.3d 615, 623-24 (Tenn. 2013), the Tennessee Supreme Court identified three circumstances in which due process requires tolling the limitations period: (1) claims for relief that arise after the statute of limitations has expired; (2) claims involving prisoners whose mental incompetence prevents them from complying with the procedural deadline; and (3) claims in which attorney misconduct resulted in the delay in filing the petition. Petitioner argues that he was unaware that his conviction could be used to enhance punishment in subsequent cases. This is not one of the circumstances that would require tolling of the statute of limitations.

Consequently, the post-conviction court correctly determined that the petition was untimely.

-4-

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.


_____
JERRY L. SMITH, JUDGE