IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 25, 2015

**ANTWON COOK v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Bradley County**
**No. 14CR459     Andrew M. Freiberg, Judge**

**No. E2014-02229-CCA-R3-PC – Filed June 2, 2015**

The petitioner, Antwon Cook, appeals the dismissal of his petition for post-conviction relief.  The post-conviction court found that the appeal was filed beyond the one-year statute of limitations and that due process did not necessitate an equitable tolling of the statute of limitations.  On appeal, the petitioner contends that equitable tolling is warranted because his plea agreement that allowed for concurrent service of a state and federal sentence is not being honored.  Upon our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Antwon Cook, Lewisburg, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel, for the appellee, State of Tennessee.

**OPINION**

**FACTS AND PROCEDURAL HISTORY**

On January 9, 2006, the petitioner pled guilty to one count of possession of cocaine in excess of 0.5 grams with the intent to sell and one count of the sale of cocaine in excess of 0.5 grams and received an eight-year sentence. Pursuant to the plea agreement, his state sentence was to be served concurrently with a federal sentence. The petitioner began serving his sentence in the custody of the Tennessee Department of Correction. On June 1, 2010, the petitioner was discharged from state custody and released to federal custody, and he began serving his federal sentence on October 5, 2010.

Once in federal custody, the petitioner realized that he was not receiving credit on his federal sentence for the time that he was incarcerated in the Tennessee Department of Correction, effectively rendering the sentences consecutive. He filed a motion on February 24, 2011, with the Federal Bureau of Prisons requesting jail credits, and he received credits from May 29, 2010 to June 2, 2010. The petitioner filed several additional motions requesting credit for the full amount of time that he was incarcerated on his state convictions, all of which were denied.

On December 2, 2013, the petitioner filed a petition for writ of error coram nobis alleging several issues with his guilty plea and sentences and that he received the ineffective assistance of counsel. On appeal, this court affirmed the denial of the petition. *Antwon Cook v. State*, No. E2014-00214-CCA-R3-ECN*,* 2014 WL 3210759, at *2 (Tenn. Crim. App. July 8, 2014). This court observed that even if the statute were tolled until the petitioner discovered that he would serve his sentences consecutively, the petition "was filed well beyond the one-year statute of limitations for either coram nobis or post-conviction relief." *Id.* at *2. As a result, this court concluded the petitioner had not presented newly discovered evidence and that due process did not warrant an equitable tolling of the statute of limitations. *Id.*

On August 28, 2014, the petitioner filed his current petition for post-conviction relief. He alleged that he was not serving his federal sentence concurrently with his state sentence and that due process required an equitable tolling of the statute of limitations for consideration of his claims of ineffective assistance of counsel and an unknowing and involuntary guilty plea. The post-conviction court issued a written order denying the petition without appointing counsel or holding a hearing. The court found that the petitioner waited "in excess of eight years" before filing his petition. The court noted that the petitioner became aware upon his transfer to federal custody in 2010 that his sentences were not being imposed concurrently, yet he "delayed significantly before seeking any form of relief." While noting that it was "not unsympathetic to [the petitioner's] plight," the court found that the petitioner was aware of the consecutive sentencing in 2010 and "was provided ample opportunity to present his claims within a meaningful time and in a meaningful manner."

2

The petitioner filed a timely notice of appeal, and we proceed to consider his claims.

## ANALYSIS

### I. Equitable Tolling

The petitioner argues that he is entitled to an equitable tolling of the one-year statute of limitations for post-conviction relief and a hearing on his claims of ineffective assistance of counsel, his unknowing and involuntary guilty plea, "and the consecutive sentences effect and/or jail credit issues." Specifically, he contends that he did not realize that the State was the party at fault for the breach of his plea agreement and, as a result, incorrectly sought relief from the Federal Bureau of Prisons.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2010). The question of whether due process necessitates a tolling of the statute of limitations is a mixed question of law and fact subject to de novo review. *Whitehead v. State*, 402 S.W.3d 615, 621 (Tenn. 2013).

If no appeal is filed, a petition for post-conviction relief must be filed "within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." T.C.A. § 40-30-102(a). Because "[t]ime is of the essence of the right to file a petition for post-conviction relief," "[t]he statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.* However, in instances in which a claim for post-conviction relief arose after the expiration of the statute of limitations, due process may permit the tolling of the statute. *Seals v. State*, 23 S.W.3d 272, 278 (Tenn. 2000). In order to determine whether tolling is appropriate, courts should employ a three-prong analysis:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In his post-conviction petition, the petitioner seeks the equitable tolling of the applicable statute of limitations to consider the same issues that he raised in his petition for writ of error coram nobis. However, this court concluded that the petition was time-

3

barred. *Antwon Cook*, 2014 WL 3210759, at *2. In the context of a petition for post-conviction relief filed more than one year after a petitioner discovered that he had not received credit on a federal sentence for a prior state sentence, this court has also concluded that the petition was untimely. *Andre Wilson v. State*, No. W2001-02442-CCA-R3-PC, 2002 WL 818260 (Tenn. Crim. App. April 17, 2002), *perm. app. denied* (Tenn. Oct. 7, 2002). In *Andre Wilson*, the petitioner's plea agreement indicated that he received a state sentence that was to be served concurrently with a federal sentence. *Id.* at *1. When the petitioner began serving his federal sentence, he discovered that the Federal Bureau of Prisons would not give him credit for his state sentence. *Id.* Nearly two years after this discovery, he filed a petition for post-conviction relief. He delayed in filing his petition "because he 'believed that [the] Federal Bureau of Prisons was the cause of his not receiving credit on his Federal Sentence for the time he served in the State of Tennessee.'" *Id.* This court concluded that even if the statute were tolled until his claim was discovered, the petition was still untimely because it was filed more than two years after this discovery. *Id.* at *2.

The petitioner attempts to distinguish *Wilson* by arguing that Mr. Wilson's petition was based solely on the Federal Bureau of Prison's decision not to award him credit for his state sentence, while the instant petition is premised on a claim "that the State was without authority to fulfill the intent of its imposition of a[] concurrent sentence 'with' the federal sentence." However, just as in *Wilson*, the petitioner contends that his delay in filing the petition was due to an erroneous belief that the Federal Bureau of Prisons was responsible for his failure to receive credit for his state sentence. Ignorance of the existence of post-conviction relief as a remedy does not necessitate the tolling of the statute of limitations. The same rationale employed by this court in the petitioner's error coram nobis appeal and the court in *Andre Wilson* is applicable here. The petitioner realized that he would not receive jail credits for his state sentence when he began serving his federal sentence in 2010. Even if we were to consider the statute tolled until this discovery, the petitioner delayed nearly four years in filing his petition for post-conviction relief. The petitioner received a reasonable opportunity to present his claims after his consecutive sentencing was discovered. Therefore, we conclude that due process concerns do not warrant a tolling of the statute of limitations. The petitioner is not entitled to any relief.

## CONCLUSION

Based upon the foregoing, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE

4