IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs May 10, 2016

## QUANYA REVELL PREWITT v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2012-A-48    Cheryl A. Blackburn, Judge**

_____

**No. M2015-02090-CCA-R3-PC – Filed March 8, 2017**

_____

The Petitioner, Quanya Revell Prewitt, filed a petition for post-conviction relief, alleging various claims of ineffective assistance of counsel. The post-conviction court denied relief, and the Petitioner appeals. Upon review, we conclude that because of the post-conviction court's failure to comply with the mandates of section 9(D)(1)(b)(i) of Tennessee Supreme Court Rule 28, we are compelled to reverse the denial of post-conviction relief and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

David M. Hopkins, Murfreesboro, Tennessee, for the Appellant, Quanya Revell Prewitt.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Glenn R. Funk, District Attorney General; and Megan King, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

After an April 9, 2012, the Petitioner was convicted of possession with intent to sell or deliver dihydrocodeinone, a Schedule III substance, in a school zone. State v. Quanya Revell Prewitt, No. M2012-01627-CCA-R3-CD, 2013 WL 3282869, at *1 (Tenn. Crim. App. at Nashville, June 26, 2013). The trial court imposed a sentence of four years with the first three years to be served at 100% and the remaining one year on probation. On June 26, 2013, this court affirmed the Petitioner's conviction on direct

appeal.  Id.  The Petitioner did not file a timely application for permission to appeal to the supreme court.

On February 26, 2014, the Petitioner filed a timely pro se petition for post-conviction relief ("first petition").  See Tenn. Code Ann. § 40-30-102(a) (providing that in order to obtain relief, a post-conviction petition must be filed within one year of the final action of the highest state appellate court to which an appeal is taken).  The only issue specifically raised in the first petition was that "[e]vidence was not introduced to the State/Courts for review in this case."  On March 13, 2014, the court appointed post-conviction counsel ("first post-conviction counsel").  On June 27, 2014, the post-conviction court entered an order stating that the matter was before the court "on a post-conviction status hearing."  In the order, the court granted the Petitioner a delayed appeal and noted that the "parties agreed [to] DISMISS WITHOUT PREJUDICE the post-conviction proceeding."[1]  The order stated that the Petitioner "may refile a post-conviction petition after the ruling on her appeal."

When first post-conviction counsel filed the application for permission to appeal pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, the post-conviction court's order granting a delayed appeal was not attached to the application.  On October 20, 2014, our supreme court dismissed the delayed appeal as untimely.

On January 20, 2015, the Petitioner filed another pro se post-conviction petition ("second petition"), again alleging that that she was denied effective assistance of counsel and that "[e]vidence was not introduced on my behalf to the courts/State for review in this case."  On January 26, 2015, the post-conviction court found that the Petitioner had presented a colorable claim and appointed post-conviction counsel ("second post-conviction counsel").  On April 15, 2015, second post-conviction counsel filed an amended post-conviction petition on behalf of the Petitioner ("amended petition").  The amended petition alleged that trial counsel failed to properly investigate her case, inform her of the charges and evidence against her, and advise her that she could either plead guilty or proceed to trial.  The amended petition further alleged that trial counsel should have obtained an interpreter for a witness who testified at trial and should have objected to the witness's testimony as hearsay.  The amended petition maintained that counsel was ineffective by failing to file a timely application for permission to appeal to the supreme court.  Finally, the amended petition asserted that the State committed prosecutorial

---

[1] The dismissal of the Petitioner's timely February 26, 2014 petition arguably rendered any subsequently filed petitions untimely.  Nevertheless, we note "that strict application of the statute of limitations may not deny a petitioner 'a reasonable opportunity to assert a claim in a meaningful time and manner,' and . . . a strict application of the statute in this case could have this effect on the [Petitioner]."  Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001) (quoting Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000)).  However, if the issue were raised, the strict application of the statute of limitation would appear to deny the Petitioner a reasonable opportunity to bring a post-conviction claim and would violate due process.  Id.

misconduct by obtaining a superseding indictment against the Petitioner solely because she would not plead guilty in general sessions court and that trial counsel should have filed a motion to dismiss the superseding indictment.

The post-conviction court conducted an evidentiary hearing on May 27, 2015. On October 14, 2015, the post-conviction court issued an order, addressing the merits of the Petitioner's post-conviction claims, making numerous factual findings, and determining that the Petitioner was not entitled to relief. The order then said:

> Since prior post-conviction counsel failed to perfect the Rule 11 appeal, the Court again GRANTS a delayed Rule 11 appeal. In light of the unusual posture of the case, should said Rule 11 appeal lead to any <u>additional</u> post-conviction issues, counsel may file a supplemental petition with the Court raising the additional post-conviction issues for review, should any arise upon the completion of the Rule 11 proceedings.
>
> Tennessee appellate courts generally direct post-conviction courts to hold in abeyance all post-conviction proceedings when a delayed appeal is warranted; however, given the procedural history in this case and fact that prior post-conviction counsel attempted that route and failed to perfect said appeal, the Court finds it appropriate to allow current Post-Conviction Counsel to proceed simultaneously with the Rule 11 Application and post-conviction appeal.

Thereafter, the order concluded by stating:

> Accordingly, although this Court denied post-conviction relief as to the issues raised in Petitioner's <u>pro se</u> and Amended Petitions before this Court, the Court shall hold the post-conviction proceeding in abeyance pending the outcome of the Rule 11 appeal.[2] The Court directs Post-Conviction Counsel to file a notice with the Court within thirty (30) days of the Supreme Court's ruling on the Rule 11 Application to advise the Court whether Petitioner intends to raise any additional post-conviction issues in a forthcoming

---

[2] On January 19, 2016, while this appeal was pending, our supreme court denied the Petitioner's application for permission to appeal.

petition or whether Petitioner rests on her previously raised claims.

Following the entry of the order, the Petitioner filed a Rule 11 application and also filed the instant appeal of the denial of the remaining post-conviction claims.

We note that Rule 28, section 9(D)(1)(b)(i) of the Rules of the Tennessee Supreme Court explicitly provides:

> Upon determination by the trial court that the petitioner was deprived of the right to request an appeal pursuant to Rule 11, Tennessee Rules of Appellate Procedure, the trial court <u>shall</u> enter an order granting the petitioner a delayed appeal, <u>staying the post-conviction proceedings pending the final disposition of the delayed appeal</u>, and providing that the order is final for purposes of appeal under this rule.

(Emphasis added). This court has explained that

> [t]he post-conviction court should have bifurcated the proceedings and conducted a hearing solely on the Rule 11 claim. <u>See</u> Tenn. Sup. Ct. R. 28, § 8(D)(3). Once the post-conviction court determined that the Petitioner was deprived of [her] right to request an appeal under Rule 11, the court should have granted the delayed appeal and stayed the remaining post-conviction proceedings until final disposition of the delayed appeal. <u>See</u> Tenn. Sup. Ct. R. 28, § 9(D)(1)(b)(i).

<u>DeMarcus Ant-Juan Nelson v. State</u>, No. E2015-01247-CCA-R3-PC, 2016 WL 3563696, at *3 (Tenn. Crim. App. at Knoxville, June 22, 2016); <u>see</u> <u>Frederick Alexander Avery v. State</u>, No. M2011-02493-CCA-R3-PC, 2013 WL 451867, at *2 (Tenn. Crim. App. at Nashville, Feb. 6, 2013). This court has explained that by holding the remainder of a petitioner's post-conviction claims in abeyance, "the petitioner may amend the original petition to challenge any 'new issues cognizable in a post-conviction proceeding result[ing] from the handling of the delayed appeal.'" <u>Howard Lee Coleman v. State</u>, No. W2006-02601-CCA-R3-PC, 2007 WL 1651882, at *6 (Tenn. Crim. App. at Jackson, June 7, 2007) (quoting Tenn. Sup. Ct. R. 28, § 9(D)(3)(a)).

Clearly, although the post-conviction court acknowledged the proper procedure for handling the remaining post-conviction claims while a delayed appeal was pending, the

court nevertheless chose not to follow the dictates of Rule 28. Our supreme court has explained that

> [t]here are sound reasons for not permitting a direct appeal and a collateral attack upon the same conviction to be pending simultaneously. First, judicial economy dictates that only one appeal should be considered at one time; if a Rule 11 application is granted and this Court finds in favor of the appellant, the post-conviction petition would most likely be dismissed or continuously amended to reflect the on-going litigation. Second, the issues raised in a post-conviction petition cannot be ripe for review if a Rule 11 application is pending a decision by this Court. And finally, the issues in the post-conviction petition would be rendered moot if this Court reversed the conviction and remanded for a new trial.

Williams v. State, 44 S.W.3d 464, 469-70 (Tenn. 2001).

We conclude that the post-conviction court erred by allowing the Petitioner to proceed simultaneously with a Rule 11 appeal and an appeal of the post-conviction court's holding on the other post-conviction claims. Accordingly, we must reverse the post-conviction court's denial of post-conviction relief. On remand, the post-conviction court must allow the Petitioner to "amend the original petition to challenge any 'new issues cognizable in a post-conviction proceeding result[ing] from the handling of the delayed appeal.'" Coleman, No. W2006-02601-CCA-R3-PC, 2007 WL 1651882, at *6 (quoting Tenn. Sup. Ct. R. 28, § 9(D)(3)(a)). Should the Petitioner raise no additional issues, the post-conviction court may, at that point, issue a final judgment from which an appeal may be taken.[3]

_____
NORMA MCGEE OGLE, JUDGE

---

[3] If the Petitioner fails to file a notice with the post-conviction court or notifies the post-conviction court of her intent not to raise additional post-conviction issues, then no additional evidentiary hearing will be needed.