IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 20, 2002

## JAVONNI JONES v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 40000649      John H. Gasaway, III, Judge**

---

**No. M2001-01322-CCA-R3-PC** - Filed December 6, 2002

---

The petitioner, Javonni Jones,[1] appeals the dismissal of his petition for post-conviction relief as being barred by the statute of limitations. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and ALAN E. GLENN, JJ., joined.

Roger Eric Nell, District Public Defender; and Fred W. Love, Assistant District Public Defender, for the appellant, Javonni Jones.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Lance A. Baker, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On April 30, 1999, the petitioner pled guilty to numerous felony drug sales, theft over $10,000, reckless endangerment, and vandalism over $10,000 and signed a waiver of appeal. In exchange, he received an agreed effective sentence of 18 years. During the plea hearing, the petitioner stated he understood he was waiving his right to an appeal by entering the pleas. On April 24, 2000, almost one year after waiving appeal, the petitioner filed a notice of appeal with this court seeking to appeal his convictions. This court dismissed the appeal for failing to file a timely notice. *See* Tenn. R. App. P. 4(a). On October 16, 2000, the petitioner filed a petition for post-conviction relief alleging his trial counsel did not provide him with effective representation. The post-conviction court dismissed the petition as being untimely filed, and this appeal followed.

---

[1] In his petition for post-conviction relief, the petitioner indicates his first name is spelled "Javonni." However, during his guilty plea hearing, the petitioner stated his name was spelled "Javonne." We rely upon the spelling of his name used in his petition.

# I. STATUTE OF LIMITATIONS

A petition for post-conviction relief must be filed within one year of the final action of the highest state appellate court to which an appeal is taken, or, if no appeal is taken, within one year of the date on which the judgment became final, or consideration of the petition is barred. Tenn. Code. Ann. § 40-30-202(a). Time is of the essence in claiming post-conviction relief and compliance with the one-year statute is an element of the right to file a petition. *Id.* The statute itself provides three exceptions to the one-year statute of limitations: (1) when a new constitutional right has been recognized; (2) when the petitioner's innocence has been established by new scientific evidence; or (3) when a previous conviction that enhanced the petitioner's sentence has been held invalid. *Id.* § 40-30-202(b). The post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *See* Seals v. State, 23 S.W.3d 272, 278-79 (Tenn. 2000).

The petitioner first contends his petition was timely filed because it was filed within one year after this court dismissed the direct appeal of his conviction. However, the statute of limitations for a post-conviction relief petition, as set forth in Tennessee Code Annotated section 40-30-202(a), contemplates that, when an appeal is waived, the statute will begin to run at the time the judgment of conviction becomes final. While it is true the petitioner in the instant case attempted to pursue an appeal of his convictions, the record before this court establishes: (1) he waived his right to an appeal when he entered his guilty pleas pursuant to the plea agreement; (2) his notice of appeal was not filed until almost one year after his guilty pleas and was untimely; and (3) his judgments of conviction became final almost a year before his notice of appeal was filed. Further, his judgments of conviction became final well over one year prior to the filing of his petition for post-conviction relief.

We conclude that this court's prior order dismissing the petitioner's untimely appeal was *not* "the final action of the highest state appellate court to which an appeal was taken," thereby re-triggering the start of the one-year period. *See* Tenn. Code Ann. § 40-30-202(a). Instead, we hold the one-year statute of limitations for the petitioner's post-conviction relief petition began to run when his judgments of conviction became final upon his waiver of appeal, which was well over one year prior to the filing of his post-conviction relief petition. Thus, the petition for post-conviction relief was not timely filed and was barred by the statute of limitations. To hold otherwise would undermine the intent of Tennessee Code Annotated section 40-30-202(a) by allowing a defendant to "re-start" the statute of limitations by filing a frivolous and untimely notice of appeal.

# II. DUE PROCESS

The petitioner further argues due process requires consideration of his post-conviction relief petition even if it was not timely filed because he was "ignorant of the law" and was without the benefit of legal counsel. We do not agree.

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner."

Seals, 23 S.W.3d at 277-78 (quoting Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992)). The petitioner contends due process requires the statute of limitations be tolled because he was incarcerated in the county jail and was "ignorant of the law." Neither the due process exception nor the statutory exceptions for untimely filing listed in Tennessee Code Annotated section 40-30-202(b) apply in the instant case. *See* Guillermo Matiaz Juan v. State, No. 03C01-9708-CR-00318, 1999 Tenn. Crim. App. LEXIS 140, at *4 (Tenn. Crim. App. Feb. 18, 1999, at Knoxville), *perm. to appeal denied* (Tenn. July 12, 1999) (holding ignorance of the law does not bar application of the statute of limitations); William Lynn Johnson v. State, No. 02C01-9605-CR-00136, 1997 Tenn. Crim. App. LEXIS 555, at **8-9 (Tenn. Crim. App. June 10, 1997, at Jackson), *perm. to app. denied* (Tenn. Sept. 15, 1997) (holding that incarceration in a federal prison without access to Tennessee legal resources does not fall within the statutory exceptions nor the Burford exception). Application of the statute of limitations in this case does not violate due process.

## CONCLUSION

The petitioner failed to timely file his petition for post-conviction relief. The post-conviction court did not err in dismissing the petition. Accordingly, we affirm the judgment of the post-conviction court.

_____
JOE G. RILEY, JUDGE

-3-