IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 19, 2005

## ALBERT SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-28250    W. Fred Axley, Judge**

---

**No. W2004-02169-CCA-R3-PC  - Filed May 6, 2005**

---

The petitioner, Albert Smith, appeals the denial of his petition for post-conviction relief as time-barred.  He contends that Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), announced a new rule of constitutional law that applies retroactively to his case, thereby creating an exception to the one-year statute of limitations for filing a post-conviction petition.  He further contends that the post-conviction court should have held an evidentiary hearing to determine the reason for his late filing of the petition.  We conclude that the petitioner has not demonstrated that a valid exception to the one-year statute of limitations exists in his case or that the post-conviction court erred by denying the petition without an evidentiary hearing.  Accordingly, we affirm the post-conviction court's summary denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JOSEPH M. TIPTON, J., joined.

Britton J. Allan, Memphis, Tennessee, for the appellant, Albert Smith.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; William L. Gibbons, District Attorney General; and Dean DeCandia, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

On May 8, 1997, the defendant pled guilty to conspiracy to commit second degree murder, unlawful possession of cocaine with the intent to sell, and voluntary manslaughter.  Pursuant to the petitioner's negotiated plea agreement, the trial court sentenced him to concurrent terms of twelve years for the conspiracy conviction, eight years for the drug conviction, and ten years for the voluntary manslaughter conviction, for an effective sentence of twelve years in the Department of

Correction. Almost seven years later, on March 18, 2004, the petitioner filed a *pro se* petition for post-conviction relief. Following the appointment of counsel, he filed an amended petition in which he raised claims of ineffective assistance of counsel and that his guilty pleas were unknowing and involuntary. On July 29, 2004, the post-conviction court entered an order denying the petition on the basis that it fell outside the one-year statute of limitations. Appellate counsel was appointed and the petitioner then filed a timely appeal to this court.

## ANALYSIS

The petitioner concedes he filed his petition well outside the one-year statute of limitations provided by the 1995 Post-Conviction Procedure Act, see Tenn. Code Ann. § 40-30-102(a) (2003), but argues that his case falls within the exception in subsection (b)(1) of the statute, which provides that a court shall have jurisdiction to consider a claim filed outside the statute of limitations if the claim

> is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial[.]

Tenn. Code Ann. § 40-30-102(b)(1). The petitioner contends that the United States Supreme Court's decision in Blakely establishes a previously unrecognized constitutional right for a defendant in Tennessee to have the jury, rather than the trial court, determine the existence of aggravating factors used to enhance a sentence. He further asserts that Blakely applies retroactively in his case because his guilty pleas were entered without a knowing waiver of his Blakely rights.

In a recent case, however, our supreme court has concluded that Blakely neither announces a new rule of constitutional law nor invalidates Tennessee's sentencing scheme, by which a trial court is permitted, rather than required, to enhance a sentence within the statutory range based on its finding of relevant enhancement factors. State v. Gomez, __ S.W.3d __, __, slip op. at 28 (Tenn. 2005). More importantly for the purposes of this appeal, the Gomez court also noted that the post-conviction standard for determining whether a new rule of constitutional law requires retroactive application, as stated in Tennessee Code Annotated section 40-30-122, does not permit the retroactive application of Blakely in a post-conviction proceeding. Id. at ___ n.16, slip op. at 18 n.16. Blakely, therefore, does not create an exception to the operation of the one-year statute of limitations in this case.

The petitioner also contends that the post-conviction court should have held an evidentiary hearing to determine if he "had a valid reason" for his late filing of his petition. He asserts that the untimely filing resulted from his trial counsel's failure to inform him of the applicable statute of limitations and cites Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000), to argue that due process

considerations require that the statute of limitations should not be so strictly applied that a petitioner is denied "the reasonable opportunity to assert a claim in a meaningful time and manner."

The petitioner did not, however, include any claim of counsel's alleged failure to inform him of the post-conviction statute of limitations in his *pro se* or amended petitions, or offer any other explanation for his untimely filing of the petition. Moreover, counsel's alleged failure to inform the petitioner of the relevant time limit for filing a post-conviction petition does not constitute the type of misrepresentation which our supreme court has found requires that the statute of limitations be tolled. See Williams v. State, 44 S.W.3d 464, 470 (Tenn. 2001) (affirming this court's remand of case for evidentiary hearing to determine if due process required tolling of statute of limitations when attorney allegedly failed to properly withdraw from representation and failed to notify petitioner that no application for permission to appeal to supreme court had been filed). The Williams court specifically noted, in fact, that it was "not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence." Id. at 468 n.7. In this case, the petitioner does not allege that trial counsel misled him into believing he would be representing the petitioner during the filing of a post-conviction petition. Thus, even if trial counsel failed to inform the petitioner of the relevant statute of limitations, that fact alone does not excuse the petitioner's more than six-year delay in the filing of his petition. We conclude, therefore, that the post-conviction court did not err in denying the petition without holding an evidentiary hearing.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the post-conviction court's denial of the petition without an evidentiary hearing.

 

_____
ALAN E. GLENN, JUDGE