IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 13, 2005

## KENNETH B. WHITE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-02995    Bernie Weinman, Judge**

---

**No. W2004-02553-CCA-R3-PC  - Filed January 4, 2005**

---

Petitioner, Kenneth B. White, filed a *pro se* petition for post-conviction relief alleging that his trial counsel rendered ineffective assistance of counsel by failing to pursue an appeal following Petitioner's conviction of vehicular homicide.  The post-conviction court dismissed the petition without an evidentiary hearing because it was untimely filed.  After a thorough review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Kenneth B. White, Clifton, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; William L. Gibbons, District Attorney General; and Alexia M. Fulgham, Assistant District Attorney General, for the appellee, the State of Tennessee.

**OPINION**

Following a jury trial, Petitioner was convicted of vehicular homicide on January 29, 1999, and was sentenced to twelve years as a Range I, standard offender.  No notice of appeal was filed. On September 1, 2004, Petitioner filed a *pro se* petition for post-conviction relief alleging that his right to a direct appeal of his conviction was denied due to the ineffectiveness of his trial counsel.

The Post-Conviction Procedure Act clearly requires that post-conviction claims be filed within one year from the date on which the judgment becomes final if no appeal is taken.  Tenn. Code Ann. § 40-30-102(a).  "Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise."  *Id.*  "If it plainly appears from the face of the petition, any annexed exhibits, or the prior proceedings in the case that

the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition." *Id*. § 40-30-106(a).

Relying on *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), however, Petitioner argues in his appeal that his trial counsel's misrepresentations deprived him of the opportunity to pursue a direct appeal of his conviction in a timely manner, and that due process concerns toll the statute of limitations applicable to the filing of post-conviction claims. The State, without addressing Petitioner's due process claims, argues that Petitioner has not established that he has met one of the statutory requirements set forth in Tennessee Code Annotated section 40-30-102(b), which permits the extension of the one-year statute of limitations period under certain limited circumstances not present in the case *sub judice*.

In *Williams*, our Supreme Court concluded that "due process considerations may have tolled the limitations period" for filing a post-conviction petition when the petitioner's appointed counsel may have misled the petitioner into believing that counsel was continuing the direct appeal process. *Williams*, 44 S.W.3d at 471; *see also Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000) (The strict application of the statute of limitations of the Post-Conviction Procedure Act may not deny a petitioner "a reasonable opportunity to assert a claim in a meaningful time and manner" if a petitioner is unable to pursue his or her post-conviction claims due to circumstances beyond the petitioner's control such as a period of mental incompetence).

In *Williams*, the petitioner's conviction and sentence were affirmed by this Court on January 9, 1995. *Williams*, 44 S.W.3d at 465. In a substantially late-filed motion to withdraw filed by petitioner Williams' counsel, counsel stated that he mailed Williams a copy of the decision and informed Williams that he no longer represented him. *Id*. Tennessee Supreme Court Rule 14 requires that a motion to withdraw must be filed not more than fourteen days after entry of judgment in the Court of Criminal Appeals. Williams' counsel did not file the motion until October, 1995, nine months after entry of the judgment. *Id*. Williams filed a *pro se* petition for post-conviction relief on October 24, 1996, which the post-conviction court dismissed as untimely filed, without conducting an evidentiary hearing.

The Supreme Court concluded that "[f]urther development of the record [was] required to determine the precise circumstances surrounding the [petitioner's] understanding of his relationship to counsel." *Id*. at 471. On remand, the evidentiary hearing was limited to determining "(1) whether due process tolled the statute of limitations so as to give the [petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [petitioner's] filing of the post-conviction petition in October 1996 was within the reasonable opportunity afforded by the due process tolling." *Id*.

Petitioner in the case *sub judice* argues that he informed both the trial court and his retained counsel that he wished to appeal his conviction at the hearing on his motion for new trial, and that he erroneously believed that his counsel had timely filed a notice of appeal. As in *Williams*, Petitioner was not afforded an evidentiary hearing by the post-conviction court in which to develop

the basis for his allegations. Unlike the petitioner in *Williams*, however, Petitioner in the instant case has had a previous opportunity to present his claims concerning his counsel's alleged misrepresentations.

Prior to filing his petition for post-conviction relief, Petitioner filed a *pro se* petition for writ of error coram nobis in 2003. In that petition, Petitioner averred that the applicable one-year statute of limitations should be tolled because of due process violations arising out of his trial counsel's failure to pursue an appeal of Petitioner's conviction. *See Kenneth B. White v. State*, No. W2004-00653-CCA-R3-C0, 2005 WL 396380, at *4 (Tenn. Crim. App., at Jackson, Feb. 17, 2005), *perm. to appeal denied* (Tenn. June 27, 2005); *see also Workman v. State*, 41 S.W.3d 100, 103 (Tenn. 2001) (Due process may require tolling of an applicable statute of limitations). The trial court appointed counsel, and an amended petition was filed. *Id*. at *1. Following two evidentiary hearings, the trial court denied the petition. In affirming the trial court's denial of Petitioner's petition for writ or error coram nobis, this Court summarized the evidence presented at the evidentiary hearings as follows:

> The petitioner, Kenneth B. White, was convicted by a jury of vehicular homicide on January 29, 1999. He was sentenced to twelve years as a Range I, standard offender. He then filed a motion for new trial, which was denied by the trial court. Four and a half years later, the petitioner filed a pro se petition for writ of error coram nobis. The trial court subsequently appointed counsel, and an amended petition was filed. Following two hearings to determine the appropriateness of a delayed appeal, the trial court denied the petition. The petitioner now appeals to this Court, averring that the trial court erred in denying the petition because his due process right to appeal was violated when trial counsel failed to appeal his case after the petitioner requested that he do so.

> During the hearing on the motion for new trial, trial counsel questioned the petitioner on his desire to appeal. The petitioner was initially questioned regarding his income stemming from Social Security disability. In response, the petitioner stated that he received $800 a month in disability, but stated that he "wasn't sure" if he would continue to receive the check once incarcerated. Further, the petitioner responded affirmatively when asked if counsel had informed him of the right to appeal and of the costs that would be involved. When asked if he wanted to pursue an appeal, the petitioner responded,

> > Well, Your Honor, at this time I'm not concerned about getting it appealed. I just really want to go to my destination and go to the Department of Corrections at the nearest convenience so that I can start doing some time that I've been granted and that I may received [sic] some alcohol and drug program treatment.

At that point, the court noted its concern that the petitioner's statements might be construed as a waiver of his appeal. Upon further questioning by counsel, the petitioner stated that he did not intend to waive his right to appeal by his earlier statement and that he wanted to appeal. On cross-examination, the petitioner admitted that he received approximately $300 each month as income from an annuity, in addition to his disability payment, for a total of $1100 in monthly total income.

In denying the motion for new trial, the trial court found that it could not appoint counsel to the petitioner due to the amount of his monthly income. The court further noted that even if his disability check was discontinued, the annuity payment alone would be sufficient to make incremental payments on the petitioner's legal costs. The court also rejected trial counsel's request that the court order the funds paid toward the costs of appeal, noting that, "[the representation is] something between you and him as to whether or not he's going to go forward with his appeal and whether he's willing to take his money that he's receiving and pay for that." Finally, the court denied counsel's motion to withdraw.

Some four and a half years later, on September 10, 2003, the petitioner filed a *pro se* petition for writ of error *coram nobis,* alleging that the proximate cause of the victim's death was a defective "T-top" hatch on her automobile. He further stated that he believed the State knew of these defects but failed to inform him of them at the time of trial. He further explained the delay in his petition by stating that he had only recently learned that trial counsel had failed to file an appeal on his behalf. The State responded on October 1, 2003, demanding proof of the allegations contained in the petition and requesting that the trial court appoint counsel to review the petition and file an amended petition if necessary. The trial court appointed counsel to the petitioner that same day.

On December 10, 2003, newly appointed counsel filed an amended motion styled "motion to file out of time motion for error *coram nobis*." In the motion, the petitioner stated that he made his desire to appeal known during the hearing on his motion for new trial and in a conversation he had with counsel following the hearing. However, counsel failed to file the appeal.

On December 15, 2003, a hearing was held to determine whether or not the petitioner should be granted a delayed appeal by which to present his claims. Upon hearing arguments from both counsel, the trial court determined that a full hearing was necessary to determine whether or not the petitioner's due process right to appeal had been violated by trial counsel's failure to file an appeal on the petitioner's behalf. The trial court also requested that amended pleadings be filed to allege with more specificity the claims sought to be presented.

In his amended motion, the petitioner argued that strict application of the statute of limitations would deny him due process. He further stated that if it was discovered that the petitioner was unable to pay, it was counsel's duty to inform the court of that fact. The State responded that the petitioner failed to assert that an agreement had been reached to pursue the appeal. Rather, the State argued, the petitioner merely asserted that he stated his desire to appeal during the motion for new trial hearing. Further, the State averred that, according to the transcript from the motion for new trial, the trial court did not declare the petitioner indigent, noted the time constraints on the appeal, and indicated that it was the petitioner's responsibility to make arrangements with counsel regarding representation.

On January 16, 2004, a full hearing was held in which both the petitioner and trial counsel testified. On direct examination, the petitioner stated that, following the hearing on the motion for new trial, he expressed to trial counsel his desire to go forward with an appeal. He further stated that, although he was unable to pay counsel at that time, it was his understanding that the appeal would go forward and would be filed by counsel. On cross-examination, the petitioner admitted that he had a monthly income of $1100 at the time of the motion for new trial. He further testified that he told counsel he would pay him "the best way [he] could," but admitted that he never spoke to counsel again after that conversation and never made a payment to him. The petitioner also admitted that he was made aware of the appeal deadlines by both the trial court and counsel. On re-direct, the petitioner stated that his disability check was discontinued after he was retained in state custody and that he was unsure as to whether he still received the annuity check.

Trial counsel then testified that he discussed with the petitioner his right to appeal, the fee involved, and the time constraints on filing. Counsel further stated that the petitioner indicated before the motion for new trial that he did not want to appeal the case. Moreover, he stated that after the motion for new trial, the petitioner reiterated that he did not want to spend any more money pursuing his appeal and that he wished to serve the sentence issued. Finally, counsel stated that after their meeting following the motion for new trial, he heard nothing further from the petitioner or his family. On cross-examination, counsel admitted that he did not ask the petitioner to sign an affidavit indicating that he did not wish to pursue an appeal.

Following the hearing, the court credited the testimony of trial counsel and found that the petitioner waived his right to appeal. The court noted that the petitioner was advised by the trial court of his right to appeal, the time limits involved, the need to hire an attorney, and that he was not entitled to the appointment of an attorney because of his income. The court further noted that the petitioner made no effort to retain another attorney or purchase the transcript. Furthermore, while the court acknowledged that no written waiver was signed, it concluded that all issues

normally addressed in a waiver were discussed fully at the hearing on the motion for new trial.

The court also found that the petitioner did not allege that he received any assurances the appeal would be filed. To the contrary, trial counsel made it known that he did not want to be financially responsible for the appeal if the petitioner did not pay, and it appeared from the testimony that the petitioner did not desire to spend any more money on his case. The court concluded that trial counsel had no responsibility for the appeal after the petitioner failed to take steps to ensure representation. On appeal, the petitioner contends that the trial court erred in denying his delayed appeal. The State avers that the post-conviction court erred in not dismissing the petition as outside the statute of limitations; alternatively, it asserts that the court properly denied the delayed appeal.

*Kenneth B. White*, 2005 WL 396380, at \*\*1-3.

The Supreme Court stated in *Williams*, that the Court was "not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence. Instead, the focus here is only upon trial and appellate counsel's alleged misrepresentation in failing to properly withdraw from representation and in failing to notify the petitioner that no application for permission to appeal would be filed in this Court." *Williams*, 44 S.W.3d at 468, n.7. In *Crawford v. State*, 151 S.W.3d 179 (Tenn. Crim. App. 2004), we interpreted *Williams* as "limit[ing] claims of attorney misrepresentation tolling the statute of limitations to times when counsel has made misrepresentations directly relating to filing a defendant's appeal." *Id.* at 184.

A panel of this Court has previously concluded that Petitioner was not deprived of his due process right to appeal by any misrepresentations on the part of his trial counsel as was the concern expressed in *Williams*, and that Petitioner had not established a due process basis for tolling the statute of limitations for filing a petition of writ of error coram nobis. *Kenneth B. White*, 2005 WL 396380, at \*4.; *see Williams*, 44 S.W.3d at 469 (citing *Seals*, 23 S.W.3d at 278). The *White* court stated:

We note, as did the post-conviction [sic] court, that the petitioner was advised of his right to an appeal, his responsibility in obtaining counsel, and the time limitations in filing an appeal. Further, the petitioner admitted that he failed to contact trial counsel or make a payment toward his appeal after their conversation following the hearing on the motion for new trial. Finally, the petitioner fails to allege that he received assurance that his appeal would be filed by trial counsel. The court made it clear that the onus in obtaining counsel rested with the petitioner, due to his income and his lack of financial responsibility. We therefore conclude that the petitioner's due process right to appeal was not violated simply because he failed to take action in securing representation for his appeal. As such, we hold that the petitioner was

outside the applicable statute of limitations for *coram nobis* relief and that the petition was properly dismissed.

*Id.* at \*4.

"An unpublished opinion shall be considered <u>controlling authority between the parties to the case</u> when relevant under the doctrines of the law of the case, res judicata, collateral estoppel, or in a criminal, post-conviction, or habeas corpus action involving the same defendant." Tenn. R. Sup. Ct. 4(H)(1) (emphasis in original).

Petitioner now seeks to toll the statute of limitations applicable to the filing of a petition for post-conviction relief based on the same alleged due process violations and the same factual reasons as presented in his petition for writ of error coram nobis. This Court has previously determined that Petitioner's due process rights were not violated by his counsel's representation of Petitioner in connection with his direct appeal.

## CONCLUSION

Based on the foregoing, we conclude that Petitioner's petition for post-conviction relief was filed beyond the one-year statute of limitations, and that the post-conviction court did not err in dismissing Petitioner's petition as untimely without conducting an evidentiary hearing. The judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE