IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
December 18, 2007 Session


**CRAIG ROBERT NUNN v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Davidson County**
**No. 98-C-1622    Seth Norman, Judge**

---

**No. M2007-00974-CCA-R3-PC - Filed August 18, 2008**

---


D. KELLY THOMAS, JR., J., concurring.


I join in the results reached by the majority but write separately to express a different conclusion regarding the tolling of the post-conviction statute of limitations. The majority opinion concludes that the trial court erred in finding that the post-conviction petition filed more than five years after the entry of judgment in this case is time-barred. This conclusion is based upon the belief that the evidence presented at the evidentiary hearing showed that the petitioner was misled by trial counsel regarding his right to pursue post-conviction relief under the terms of his guilty plea agreement.

Initially, I respectfully disagree with the language adopted by the majority and express concern that it greatly expands the rule of when due process considerations warrant tolling the statute of limitations in a post-conviction action beyond that established by our supreme court in Williams v. State, 44 S.W.3d 464 (Tenn. 2001). The majority opinion states that "the key inquiry is whether, *under the totality of the circumstances*, the petitioner was mislead into believing that his guilty pleas included a waiver of his right to petition for post-conviction relief." Contrary to both the majority opinion and the petitioner's contention on appeal, the Tennessee Supreme Court has remarked that "[t]he question, then, is whether the [petitioner] in this case was, *in fact*, misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period." Williams, 44 S.W.3d at 471 (emphasis added). The foundation of our supreme court jurisprudence on this subject is that due process requires tolling the statute of limitations when the petitioner has been denied the opportunity to file a petition for post-conviction relief due to factors beyond his control, specifically mental illness and attorney misrepresentation. Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000); Williams, 44 S.W.3d at 468. Attorney misrepresentation can be attributable to "deception or other misconduct" and prevents the petitioner from pursuing post-conviction remedies. Williams, 44 S.W.3d at 469. In my opinion, the facts of this case do not warrant such a conclusion.

I further disagree that the petitioner has shown that he was misled under either standard – totality of circumstances or in fact. The record reflects that the petitioner entered his guilty pleas in January 1999 and that trial counsel maintained close and active representation of the petitioner regarding various civil matters stemming from the criminal offenses until the civil matters were resolved in 2005. The majority opinion finds significant that trial counsel maintained such close contact with the petitioner and apparently never discussed a post-conviction action, stating:

> We do not think it unreasonable in such a situation for the petitioner to have believed that trial counsel, whom he thought would continue to represent him throughout the entire term of his sentence, would have informed him that he had not waived his right to petition for post-conviction relief. Nothing in the record contradicts his testimony that trial counsel never said anything to him about his right to file a post-conviction petition or the statute of limitations for doing so. The letter trial counsel sent to the petitioner explaining the ramifications and consequences of his guilty plea is silent on the subject.

While I agree that there is nothing in the record to refute the petitioner's testimony that he "did n[o]t have any discussion [about post-conviction relief] with [trial counsel]," I would note that neither the state nor the petitioner questioned trial counsel regarding any advice or discussions relative to a post-conviction action that occurred at the time of the entry of the guilty plea. The underlying issue presented in this case seems to be whether an attorney, after representing a client at the highest level of professionalism, is obligated to advise the client of the right to file a petition for post-conviction relief based upon ineffective assistance of counsel. I am unwilling to implicitly or otherwise impose such an obligation.

The evidence further reflects that, despite the petitioner's admitted knowledge of other inmates' post-conviction filings, the first inquiry made to trial counsel regarding a post-conviction action occurred in 2002, more than three years after the entry of the guilty plea, and the inquiry was made by a family friend with little interest by the petitioner himself. In fact, the petitioner testified that he did not consider himself to have received inadequate representation until meeting post-conviction counsel in July 2004, who at that time advised him that trial counsel's advice regarding such matters as the estimated incarceration time he could face and the multiplicity of charges in the indictment was deficient or "off base" in some way. Under these circumstances, I think that it is unreasonable to conclude that trial counsel misled the petitioner – by deception, misconduct or any other means – to warrant tolling the statute of limitations.

Furthermore, the petitioner's testimony reflects that he assumed he could not file a post-conviction action based upon language in his guilty plea petition stating "[t]hat no appeal or challenge to said conviction or sentence is maintained by [the petitioner]." While the majority opinion characterizes this language as "all-inclusive" and deems it to be an additional factor in the "totality of circumstances" leading to a conclusion that the petitioner was misled, I view the language of the guilty plea to be particularly exclusive of any mention of the petitioner's rights relative to a collateral attack on his convictions or sentences. Also, as noted by the majority, the contemporaneous correspondence between trial counsel and the petitioner explaining the consequences of the guilty plea contains no reference to a post-conviction action. In summary, due

to the lack of proof presented at the evidentiary hearing that the petitioner was, in fact, misled by trial counsel regarding his pursuit of post-conviction remedies, I do not conclude that the statute of limitations should be tolled in this case. The trial court correctly found that the petition should be dismissed as time-barred.

I further note my agreement with the trial court and the majority opinion that the petitioner failed to establish his substantive claim of ineffective assistance of counsel. My review of the evidence presented at the evidentiary hearing reflects that the petitioner, after discussions with post-conviction counsel, became dissatisfied with a sentence of incarceration because he felt that he should have received counseling and an alternative to incarceration. This dissatisfaction with his sentence arose despite the fact that trial counsel accurately advised the petitioner regarding the possible and probable penalties faced at trial and managed to negotiate a sentence substantially lower than either. For these reasons, I concur in the result reached by the majority, but I conclude that due process concerns do not require that the statute of limitations be tolled in this case.

_____
D. KELLY THOMAS, JR., JUDGE