# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs August 18, 2009

## DUANE MICHAEL COLEMAN v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-A-33     J. Randall Wyatt, Jr., Judge**

**No. M2008-02180-CCA-R3-CD - Filed July 23, 2010**

Petitioner, Duane Michael Coleman, appeals the dismissal of his petition for post-conviction relief. The Petitioner filed his petition outside the statute of limitations. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Duane Michael Coleman, *pro se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

### I. Background

Petitioner was convicted on November 5, 1997, of second degree murder and sentenced to thirty-two years as a Range II multiple offender to be served consecutively to two four-year sentences previously imposed for attempted aggravated robbery. On appeal, this Court affirmed the convictions and sentence. *State v. Duane Coleman*, No. M1998-00663-CCA-R3-CD, 2000 WL 31858 (Tenn. Crim. App. Jan. 18, 2000).

According to the record, Petitioner filed on January 17, 2001, a petition for post-conviction relief, which was denied on July 5, 2001. A motion to reopen the petition was denied on January 22, 2003, and this Court affirmed the order denying the motion to reopen

on December 29, 2005. *Duane Coleman v. State*, No. M2003-00512-CCA-R3-PC, *order dismissing appeal*, (Tenn. Crim. App. Dec. 29, 2005). Petitioner's application for discretionary appeal was denied by the Supreme Court on May 1, 2006. *Duane Coleman v. State*, No. M2003-00512-SC-R3-PC, 2006 Tenn. LEXIS 377 (Tenn., May 1, 2006). On August 1, 2008, Petitioner filed a second petition for post-conviction relief alleging that "his due process rights were violated because he was not afforded second-tier review after the Court of Criminal Appeals affirmance of his judgment on Jan. 18, 2000." On September 9, 2008, the post-conviction court entered an order summarily dismissing the petition.

Pursuant to Tennessee Code Annotated section 40-30-102(a), a person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." T.C.A. § 40-30-102(a).

Additionally, Tennessee Code Annotated section 40-30-102(b), provides that the trial court does not have jurisdiction to consider a petition for post-conviction relief if it was filed outside the one-year statute of limitations unless (1) the claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required; (2) the claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or (3) the claim in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentenced, and the previous conviction has subsequently been held to be invalid. T.C.A. § 40-30-102(b).

Clearly, in the present case, Petitioner filed his post-conviction petition well beyond the one-year statute of limitations. This Court affirmed Petitioner's conviction and sentence on January 18, 2000, and no application for permission to appeal to the Supreme Court was filed. The post-conviction petition, which is the subject of this appeal, was not filed until August 1, 2008. Petitioner contends in his brief that the limitations period should be tolled because his "rights were violated when he was denied second-tier review following the Criminal Court of Appeals [sic] affirmance of the lower Court Judgment on 18 January 2008 [sic]." He claims that he was "unaware that his defense lawyer had failed to file with the Supreme Court," and he was "ignorant of his right to - and the steps necessary to - obtain due process and had to rely solely on his attorney's expertise." Under some circumstances,

constitutional due process may require tolling of the statute of limitations for filing a post-conviction petition. In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), our Supreme Court concluded that "due process considerations may have tolled the limitations period" for filing a post-conviction petition when the petitioner's appointed counsel may have misled the petitioner into believing that counsel was continuing the direct appeal process. *Id*. at 471; *see also Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000)(The strict application of the statute of limitations of the Post-Conviction Procedure Act may not deny a petitioner "a reasonable opportunity to assert a claim in a meaningful time and manner" if a petitioner is unable to pursue his or her post-conviction claims due to circumstances beyond the petitioner's control such as a period of mental incompetence).

However, as noted by the post-conviction court in the present case, this is Petitioner's second petition for post-conviction relief. Our post-conviction statute provides that only one petition for post-conviction relief may be filed attacking a single judgment. *See* T.C.A. § 40-30-1029(c). The statute further provides that if a prior petition has been resolved on the merits by a court of competent jurisdiction, a second petition shall be summarily dismissed. *See Id.* According to the record, Petitioner filed a prior petition for post-conviction relief on January 17, 2001, which was denied by the post-conviction court on July 5, 2001. Petitioner did not file a notice of appeal, but subsequently filed a motion to reopen that post-conviction petition. The trial court denied the motion on January 22, 2003. On appeal, Petitioner argued that the trial court erred in dismissing his petition for post-conviction relief and in denying his motion to reopen. In the order dismissing Petitioner's appeal, this Court determined that it did not have jurisdiction to entertain the appeal because Petitioner did not file a timely application for permission to appeal to this court as required by T.C.A. § 40-30-117(c) and Rule 28, § 10(B), Rules of the Supreme Court. Instead, Petitioner filed a notice of appeal in the trial court. This Court further determined that the issues arising from the denial of Petitioner's post-conviction petition were not properly before this Court because Petitioner never filed a timely notice of appeal from the trial court's order denying post-conviction relief. However, this Court stated: "Moreover, even if an appeal had been timely filed from the order denying post-conviction relief, there is nothing in the record before this court to support a reversal of the trial court's order." *Duane Coleman v. State*, No. M2003-00512-CCA-R3-PC, *order dismissing appeal*, (Tenn. Crim. App. Dec. 29, 2005). Since Petitioner's first petition for post-conviction relief was resolved on the merits by a court of competent jurisdiction, the trial court did not err in summarily dismissing the second petition.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-3-