IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 17, 2012 Session

## HUMBERTO LOPEZ v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Putnam County**
**Nos. 04-0783, 04-0749     Leon Burns, Judge**

---

**No. M2011-02349-CCA-R3-PC - Filed June 26, 2012**

---

The Petitioner, Humberto Lopez, appeals the Putnam County Criminal Court's denial of his petition for post-conviction relief from his two convictions of selling .5 grams or more of cocaine and resulting effective sentence of eight years in confinement. On appeal, the Petitioner contends that he is entitled to post-conviction relief because he was not advised by trial counsel or the trial court about the immigration consequences of his pleas. Based upon the oral arguments, the record, and the parties' briefs, we affirm the post-conviction court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROGER A. PAGE, JJ., joined.

Mark E. Tribble, Cookeville, Tennessee, for the appellant, Humberto Lopez.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Randall A. York, District Attorney General; and Douglas Crawford, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

The record reflects that in June 2005, the Petitioner, a native of Mexico, pled guilty to two counts of selling .5 grams or more of cocaine, a Class B felony, and received an effective sentence of eight years in confinement. On July 12, 2011, he filed a petition for post-conviction relief, arguing that trial counsel failed to advise him about the immigration consequences of his pleas. According to the petition, the Petitioner had been apprehended

by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement, and was being detained in Louisiana pending deportation to Mexico.

The post-conviction court appointed counsel to represent the Petitioner, and counsel filed an amended petition for post-conviction relief, arguing that on March 31, 2010, the United States Supreme Court announced in Padilla v. Kentucky, 130 S. Ct. 1473 (2010), that the United States Constitution required that a defendant be fully and accurately informed about the immigration consequences of a guilty plea. The Petitioner alleged in the amended petition that neither trial counsel nor the trial court informed him about the immigration consequences of his pleas and that he would not have pled guilty if he had known the convictions would impact his immigration status.

At the evidentiary hearing, the Petitioner testified via speaker-phone that his trial attorney did not advise him about the immigration consequences of his guilty pleas. Specifically, counsel never informed him that he could be deported. Counsel for the Petitioner argued to the post-conviction court that although the Petitioner filed his petition for post-conviction relief well-outside the one-year statute of limitations, the statute of limitations should be tolled because Padilla applied retroactively. On October 24, 2011, the post-conviction court filed a written order denying the petition. In the order, the post-conviction court, relying on Gerardo Gomez v. State, No. E2010-01319-CCA-R3-PC, 2011 Tenn. Crim. App. LEXIS 339 (Knoxville, May 12, 2011), perm. to appeal denied, (Tenn. 2011),[1] concluded that Padilla did not apply retroactively and, therefore, that the petition was time-barred.

## II. Analysis

The Petitioner contends that Padilla applies retroactively and, therefore, tolls the one-year statute of limitations for filing a petition for post-conviction relief. Moreover, the Petitioner contends that he is entitled to post-conviction relief because he would not have pled guilty if trial counsel had informed him about the immigration consequences of his guilty pleas. The State argues that the trial court properly denied the petition as time-barred. We agree with the State.

Generally, "[r]elief under [the Post-Conviction Procedure Act] shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn.

---

[1]Our supreme court has designated Gomez "Not for Citation." According to Rule 4(F)(1), Rules of the Supreme Court of Tennessee, opinions designated not for citation have no precedential value.

Code Ann. § 40-30-103. However, to obtain relief, the post-conviction petition must be filed within one year of the final action of the highest state appellate court to which the petitioner appealed, or, in the event no appeal was taken, within one year of the date the judgment(s) of conviction became final. Tenn. Code Ann. § 40-30-102(a); see also Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). The statute emphasizes that "[t]ime is of the essence of the right to file a petition for post-conviction relief" and that "the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise." Tenn. Code Ann. § 40-30-102(a). Our supreme court has held that the statute of limitations may be tolled in cases where its strict application would deny the petitioner "a reasonable opportunity to assert a claim in a meaningful time and manner." Williams, 44 S.W.3d at 468 (quoting Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000)).

In Padilla, the Supreme Court held for the first time that trial counsel renders deficient performance when counsel fails to advise a defendant that the defendant's guilty pleas carry a risk of deportation. 130 S. Ct. at 1476. Since Padilla, a panel of this court has concluded that the case established a new rule of law but does not apply retroactively. Rene S. Guevara v. State, No. W2011-00207-CCA-R3-PC, 2012 Tenn. Crim. App. LEXIS 173, at *8 (Jackson, Mar. 13, 2012), application for perm. to appeal filed, (May 10, 2012). Specifically, this court explained,

> We conclude that Padilla established a new rule of law. In so concluding, we are guided by the Supreme Court's decisions in O'Dell v. Netherland, 521 U.S. 151, 117 S. Ct. 1969, 138 L. Ed. 2d 351 (1997), and Sawyer v. Smith, 497 U.S. 227, 110 S. Ct. 2822, 111 L. Ed. 2d 193 (1990). In O'Dell, the Supreme Court concluded that while Simmons v. South Carolina, 512 U.S. 154, 164, 114 S. Ct. 2187, 129 L. Ed. 2d 133 (1994) had established a new rule of law, the rule should not be retroactively applied. O'Dell, 521 U.S. at 167-68.
>
> While we conclude that the requirement established in Padilla was a new rule of law, retroactive application of the rule announced in Padilla is not warranted. Such a rule would only apply retroactively to cases on collateral review when either (1) the rule placed conduct beyond the power of the criminal law-making authority or (2) the rule established a watershed rule of criminal procedure that implicated the fundamental fairness of the trial. Teague [v. Lane], 489 U.S. [288,] 311 [(1989)]. Requiring counsel to advise a petitioner about the deportation consequences of pleading guilty does not implicate either

-3-

exception.

> First, the rule does not exempt those subject to deportation from the criminal lawmaking authority. Second, the rule was not a watershed rule of criminal procedure essential to the fairness of a proceeding. Cf. Gideon v. Wainwright, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963) (establishing the right to counsel in felony criminal proceedings). At issue in Padilla was whether the petitioner had received the effective assistance of counsel in determining whether he should plead guilty. The Supreme Court held that counsel must inform their clients of the deportation consequences of pleading guilty. While this established a new requirement for counsel to comply with, it did not establish a right for defendants like the right established in Gideon, the right to counsel. Moreover, the rule did not relate to the overall fairness of the proceeding itself. Although the Court's decision in Padilla established a new rule of law, the rule of law should not be retroactively applied.

Id. at **7-9.

We see no grounds to depart from this reasoning. Therefore, Padilla does not toll the one-year statute of limitations in this case. Given that the Petitioner filed his petition for post-conviction relief six years after the judgment of conviction became final, well-outside the one-year statute of limitations, the post-conviction court properly denied the petition.

### III.  Conclusion

Based upon the oral arguments, the record, and the parties' briefs, we affirm the judgment of the post-conviction court.

_____
NORMA McGEE OGLE, JUDGE

-4-