IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 12, 2014

**JUNIOR P. SAMUEL v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2007-A-240     Steve Dozier, Judge**

**No. M2013-01272-CCA-R3-PC - Filed April 25, 2014**

The petitioner, Junior P. Samuel, appeals the post-conviction court's summary dismissal of his petition for relief as time-barred. The petitioner is currently serving an effective thirty-two year sentence in the Department of Correction following his convictions for five counts of rape and one count of sexual battery by an authority figure in 2008. In April 2013, the petitioner filed the instant pro se petition for post-conviction relief alleging that he was denied his right to the effective assistance of counsel. The post-conviction court summarily dismissed the petition after concluding that it was filed outside the statute of limitations. On appeal, the petitioner contends that the dismissal was improper because due process required tolling the statute of limitations. Specifically, he contends that he was mislead by appellate counsel into believing that appellate counsel was continuing the appellate process following the denial of the direct appeal. Following review of the record, we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Junior P. Samuel, Nashville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Sharon Reddick, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Procedural History**

The petitioner was indicted by a Davidson County grand jury for twenty-one sexual offenses against his minor stepdaughter, including rape, sexual battery by an authority figure, especially aggravated exploitation of a minor, and rape of a child. *State v. Junior P. Samuel*, No. M2009-01192-CCA-R3-CD, 2011 Tenn. Crim. App. LEXIS 409, *2 (Tenn. Crim. App. Jun. 7, 2011). Prior to trial, several of the counts were dismissed. *Id.* The specific underlying facts of the petitioner's crimes are not relevant to this appeal but are set forth in this court's direct appeal opinion. *Id.* at **2-14. The petitioner was tried on eight counts of rape, three counts of sexual battery by an authority figure, one count of especially aggravated sexual exploitation of a minor, and one count of rape of a child. After hearing the evidence presented, the jury found the petitioner guilty of five counts of rape and one count of sexual battery by an authority figure but acquitted him of the remaining charges. *Id.* at *2. He was subsequently sentenced to an effective sentence of thirty-two years as a multiple rapist. *Id.* at *14.

The petitioner thereafter filed a direct appeal with this court raising four issues for our review. He asserted that: (1) the trial court erred in denying his motion for judgments of acquittal because of the State's failure to establish venue; (2) the trial court erred in admitting a medical report containing statements the victim made to a social worker in violation of the Confrontation Clause and the rule prohibiting hearsay statements; (3) the trial court erred in imposing consecutive sentencing; and (4) the cumulative errors at trial denied him due process. *Id.* at **14-15. Following review, the judgements of conviction and resulting sentences were affirmed by an opinion filed June 7, 2011. *Id.* at *12. No permission to appeal was filed.

On April 1, 2013, the petitioner filed a pro se petition for post-conviction relief alleging that he had been denied his right to the effective assistance of counsel. The post-conviction entered a written order summarily dismissing the petition as untimely, concluding that the petitioner had failed to establish that a statutory exception applied or that due process required a tolling of the limitations period. The petitioner has timely appealed the dismissal.

**Analysis**

On appeal, the petitioner contends that the post-conviction court erred in dismissing his petition for post-conviction relief as untimely. Under Tennessee Code Annotated section 40-30-102(a) (2010), a post-conviction petition must be filed within one year of "the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final." The statute

explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id*. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the act and is a condition upon its exercise." *Id*. In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. T.C.A. § 40-30-106(b).

Subsection (b) of the statute sets forth three narrow exceptions under which an untimely petition may be considered: (1) when the claim is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of trial and which requires retroactive application; (2) whether the claim is based upon new scientific evidence establishing that the petitioner is innocent; and (3) when a previous conviction that was not a guilty plea and which was used to enhance the petitioner's sentence has been held to invalid. T.C.A. § 40-30-102(b). In addition to the three narrow statutory exceptions, the post-conviction court must also consider an otherwise untimely petition if the application of the statute of limitations would be a denial of due process. *Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000). "[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." *Id*. at 277-78 (quoting *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992)).

In *Artis Whitehead v. State*, our supreme court discussed the matter of due process in a post-conviction context. The court identified three circumstances in which due process requires tolling the post-conviction statute of limitations. *Whitehead v. State*, 402 S.W.3d 615, 623 (Tenn. Mar. 21, 2013). The first of the three circumstances involves claims for relief that arise after the statute of limitations has expired. *Id*. The second due process basis for tolling the statute of limitations involves prisoners whose mental incompetence prevents them from complying with the statute's deadline. *Id*. at **20-21. The third exception is when attorney misconduct necessitates the tolling of the statute of limitations. *Id*. at 21. In *Rokisha Lashia Alderson v. State*, No. M 2010-00896-CCA-R3-PC, 2010 Tenn. Crim. App. LEXIS 1016, **8-9 (Tenn. Crim. App. Nov. 30, 2010), this court noted that the same rationale applied to possible misrepresentation by prison officials. Essentially, due process serves to toll the post-conviction statute of limitations for petitioners who face circumstances beyond their control, such as the above numerated circumstances, which preclude them from actively raising their post-conviction claims. *Williams*, 44 S.W.3d at 469.

Our supreme court noted that "[a] petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her right diligently, and (2) that some

extraordinary circumstances stood in his or her way and prevented timely filing." *Whitehead*, 402 S.W.3d at 631 (citations omitted). The court made clear that the standard for pursuing one's rights diligently did "not require a prisoner to undertake repeated exercises in futility or to exhaust every imagineable option, but rather to make reasonable efforts" to pursue the claim. *Id*. (citations omitted). However, the court emphasized that due process tolling "must be reserved for those rare instances where, due to circumstances external to the party's own conduct, it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. at 631-32 (citations omitted). The threshhold for triggering this form of relief is "very high, lest the exceptions swallow the rule." *Id*. at 632 (citations omitted).

As an initial matter, there is no dispute in this case that the petition for post-conviction relief was filed outside the applicable one-year statute of limitations. The petitioner acknowledges, and we agree, that the petition was not timely filed. Nor does the petitioner contend that any of the enumerated statutory exceptions to the statute of limitations are applicable to his case. However, he does contend that due process considerations mandate that a hearing be conducted to determine if the statute of limitations should be tolled.

The original post-conviction form submitted by the petitioner was the standardized generic "fill-in-the blank" form and was submitted to the court on April 1, 2013. The petitioner completed the form and checked ineffective assistance of counsel as his only ground for relief. In a second typed document, titled "Petition For Post-Conviction Relief," the petitioner asserted actual instances of what he claimed was ineffective assistance of counsel, those being: (1) appellate counsel failed to properly withdraw from the case pursuant to Rule 14; (2) appellate counsel failed to file an application for permission to appeal to the Tennessee Supreme Court; (3) appellate counsel failed to properly notify the petitioner that he could file a pro se application for permission to appeal; and (4) appellate counsel failed to notify petitioner that his appeal had been denied. The document, which is contained in a supplement to the record requested by the petitioner, bears no file-stamp so we are unclear as to when it was filed. There are no allegations of ineffective assistance of counsel at trial or in the handling of the direct appeal.

In support of his claims, the petitioner attached multiple documents which he asserts would show that appellate counsel failed to comply with the withdrawal rules, notify the petitioner, and file an application for permission to appeal. The following documents are included in the record:

- A letter dated December 7, 2010, to the Appellate Court Clerk's Office from the petitioner inquiring as to the status of his case.

- A computer printout of the court's Justice Information Tracking System ("JITS") case history which indicated that the case had been docketed on briefs on April 26, 2010. The docketing was the final item listed on the history.

- A letter dated January 13, 2011 from appellate counsel to the petitioner. Appellate counsel indicates that he has checked on the status of the petitioner's appeal, at his request, and learned no order had been filed. Appellate counsel indicated to the petitioner that he would inform him when he heard.

- A copy of a letter from the Consumer Assistance Program of the Board of Professional Responsibility to appellate counsel dated May 23, 2011, informing appellate counsel of the petitioner's complaint regarding a lack of communication.

- A letter from appellate counsel to the petitioner dated June 9, 2011, which informed the petitioner that the Court of Criminal Appeals had issued its opinion and noting that a copy of that opinion was enclosed. The letter also informed the petitioner that "[y]ou do not have a right to an appeal to the Supreme Court but only the right to request a writ of certiorari provided it is done within 60 days of the date of the enclosed opinion. To be frank with you, I do not think the Supreme Court will accept the case. Please, look this over and communicate to me your thought." There is no other communication following this letter between the petitioner and appellate counsel in the record.

- A letter dated December 11, 2012, from the petitioner to the Clerk of the Court asked for a status update and stating he had not received any information on the case since January 13, 2011.

In support of his argument for due process tolling, the petitioner relies upon *Williams*, 44 S.W.3d at 464. In *Williams*, our supreme court affirmed a remand to the lower court and ordered that a hearing be held to determine whether due process required that the statute of limitations be tolled. *Id*. at 471. The court noted that a determination needed to be made because the the record indicated that the appellee might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel. The court noted that it was not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence. *Id*. at 468 n7. Rather, the focus was upon trial and appellate counsel's alleged misrepresentation in failing to properly withdraw from representation and in failing to notify the petitioner that no application for permission to appeal would be filed in this Court. *Id*. The court noted that:

In this case, the appellee's trial attorney ostensibly continued to represent the appellee through the filing of the untimely application for permission to appeal. The facts are disputed as to whether counsel contacted his client after the decision by the Court of Criminal Appeals affirming the appellee's conviction. Although the attorney stated that he sent a letter to the appellee effectively terminating his representation, he admitted that he did not file a timely Rule 14 motion requesting permission from the court to withdraw. Williams contends, on the other hand, that his attorney never contacted him. He alleges that he did not know of his attorney's wish to terminate representation. Moreover, Williams asserts that he did not know that his attorney was not going to pursue second-tier appellate review, and he was never informed of his right to appeal pro se. Consequently, neither a Rule 11 application nor a post-conviction petition was filed during the nine-month period between January 1995 and October 1995. If Williams was under the impression that a Rule 11 application was pending during this time, then he was precluded from acting pro se to pursue post-conviction relief while presumably being represented by counsel.

*Id*. at 470 (citations omitted). The court noted that the question is whether the appellee in this case was, in fact, misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period. *Id*.

In this case, the post-conviction court, in its order dismissing the petition, noted that it had:

reviewed the petition and finds that the petitioner failed to file this petition within the applicable one year statute of limitations period for post-conviction relief . . . . Furthermore, the petitioner has not presented any grounds for relief which fall into an exception from the period of limitations. The petitioner submitted a letter attached to his petition dated June 9, 2011, from his attorney that advised him of the Court of Criminal Appeals' ruling and that he had a right to request a writ of certiorari provided it was done within sixty days of the appellate ruling. He made no other argument and asserted no other factual allegations that tend to show a due process violation. Therefore, the petition must be dismissed for failure to comply with the applicable statute of limitations.

As an initial matter on appeal, the petitioner finds fault with the court's statements that he has "not presented any grounds for relief which fall into an exception from the period of limitations." The petitioner asserts that he did in fact present the four above enumerated

grounds for relief. However, the petitioner misinterprets the court's statements. The post-conviction court was referring to grounds for one of the statutorily enumerated exceptions to the statute of limitations. The petitioner makes no claim and has not shown that any of the three are applicable on this case.

We do agree with the State that the petitioner has failed to make any specific allegations of ineffective assistance of counsel at the trial or first tier appellate levels. Nothing in his petition alleges that his attorney was deficient in any way at those levels. Rather, the petitioner's claim focuses only upon appellate counsel's actions following the denial of the direct appeal. Based upon this, even if it were determined that due process required tolling the statute of limitations, the petitioner's only remedy would be that he would be allowed to file an application for permission to appeal to the Tennessee Supreme Court. He would not be entitled to traditional post-conviction relief, *i.e.*, a new trial, because he asserted no errors by his attorney at the trial level.

Regardless, following review, we find nothing which preponderates against the post-conviction court's findings that the petition should be summarily dismissed. The petitioner's reliance upon *Williams* is simply misplaced as the cases are factually distinguishable. The correspondence submitted by the petitioner actually belies his contentions that appellate counsel failed to properly notify him that his appeal had been denied. The June 9, 2011 letter from appellate counsel, which included a copy of this court's opinion, clearly informs the petitioner that the direct appeal had been denied. Moreover, the letter distinctly tells the petitioner that he has the right to request a writ of certiorari within sixty days of the date of the enclosed opinion. Appellate counsel stated his opinion that he did not believe that certiorari would be granted, and he asked the petitioner to communicate his thoughts following his review. No other communication between the two is contained the record.

The petitioner has put forth nothing which establishes that appellate counsel was not in compliance with Rule 14 or that the petitioner reasonably expected that appellate counsel would be filing the application. While we do agree that attorney misconduct, as in *Williams*, can possibly necessitate tolling the statute of limitations applicable to a post-conviction proceedings, the petitioner has made no showing of misconduct by appellate counsel. Unlike in the *Williams* case, the petitioner has failed to establish a misrepresentation to him from appellate counsel. His own evidence stands against that conclusion.

Again, looking to the record, the petitioner has not shown that he has diligently pursued his rights or that some extraordinary circumstance stood in his way which prevented timely filing. The petitioner was made aware of when an application to appeal to the Tennessee Supreme Court had to be filed. Yet he made no further communication with appellate counsel and took no other action, by his own evidence, until he wrote the court

clerk eighteen months later.  That does not establish a diligent it.  No relief is warranted.

## CONCLUSION

Based upon the foregoing, the dismissal of the petition for post-conviction relief is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE