IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 13, 2014

## ANDRE KIMBROUGH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 99B1111     Steve R. Dozier, Judge**

_____

**No. M2013-02536-CCA-R3-PC - Filed June 10, 2014**

_____


The petitioner, Andre Kimbrough, was convicted of second degree murder, a Class A felony. He now appeals the denial of his petition for post-conviction relief. On appeal, he argues that the statute of limitations for filing a petition for post-conviction relief should be tolled because trial counsel did not give the petitioner adequate notice that his direct appeal was denied or notice that trial counsel did not apply for permission to appeal to the Tennessee Supreme Court. After reviewing the record, we affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and ROGER A. PAGE, JJ., joined.

Andre Kimbrough, Whiteville, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Victor S. (Torry) Johnson, III, District Attorney General; and Renee Erb, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**


On March 28, 2001, the petitioner was convicted of second degree murder and was sentenced to twenty-five years. On appeal, this court affirmed the conviction and the sentence. *State v. Andre D. Kimbrough*, No. M2001-02149-CCA-R3-CD, 2002 WL

31694496 (Tenn. Crim. App. Dec. 3, 2002). The petitioner filed no further appeals until August 9, 2013, when he filed the petition that is currently before this court.

The petitioner argued that he was "kept in complete darkness until June 18, 2013[,]" that his direct appeal had been denied and that trial counsel did not apply for permission to appeal to the supreme court. However, as part of the technical record, the petitioner included a letter that he received from trial counsel, dated January 6, 2003, that informed the petitioner that his direct appeal was denied. The letter stated that a copy of the opinion was enclosed, that trial counsel had to apply for permission if he were to appeal to the supreme court, and that trial counsel was currently examining the case to determine if any issues existed that the supreme court would review.

There was no further contact between the petitioner and trial counsel until May 14, 2013, when the petitioner wrote trial counsel a letter requesting the discovery reports, documents, evidence, sentencing transcript, and judgment sheet concerning his case. Trial counsel replied via letter on June 12, 2013, that he was sending the petitioner the documents he requested. On June 18, 2013, the petitioner wrote to trial counsel asking for copies of all Rule 11 documentation and records, as it was not included in the June 12, 2013 correspondence. Trial counsel replied on July 10, 2013, that he could not locate any filings or rulings concerning an application to appeal to the supreme court and wrote that he was not certain whether he filed an application to appeal.

The post-conviction court denied the petition without conducting a hearing, finding that the petition was filed beyond the one-year statute of limitations period. The court noted that the petitioner did not provide an explanation as to why he delayed so long to investigate the status of his case. The court found that due process did not necessitate a tolling of the statute because the petitioner "did not pursue with any diligence the status of his case between January 6, 2003 and June of 2013." The post-conviction court further found that trial counsel's statement that he was "looking to see if there [were] any issues in which the Tennessee Supreme Court [would] look at [the petitioner's] case" did not "equate to a promise of appeal" or mislead the petitioner into believing that he "could not otherwise pursue post-conviction rights."

## ANALYSIS

The petitioner's argument in his brief is essentially taken verbatim from his petition for post-conviction relief. He argues that trial counsel did not make him aware of the consequences of this court's affirming his conviction on direct appeal. The petitioner claims that equitable tolling of the statute of limitations is warranted because he relied on trial counsel to inform him "of all mandates of petitioner's appeal process[,]" trial counsel did not

2

file a Rule 11 application for permission to appeal to the supreme court, and trial counsel failed to properly withdraw from the case.

Tennessee Code Annotated section 40-30-102(a) states that:

> Except as provided in subsections (b) and (c), a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred. The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

A tolling of the statute of limitations for claims of post-conviction relief is only appropriate in three narrow circumstances: (1) the claim is based upon a newly recognized constitutional right that applies retroactively and was filed within one year of the ruling recognizing that right; (2) the claim is based upon new scientific evidence that proves the petitioner's innocence; and (3) the claim is based upon a sentence that was enhanced due to a previous conviction that was subsequently determined to be invalid. T.C.A. § 40-30-102(b)(1)-(3). Additionally, a post-conviction court must consider an otherwise untimely petition when the application of the statute of limitations would deprive a petitioner of due process. *Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204, 207 (Tenn. 1992). Our supreme court has identified three circumstances in which due process requires the tolling of the statute of limitations: (1) When a claim for relief arises after the expiration of the statute of limitations; (2) when a petitioner's mental incompetence prevents compliance with statute's deadline; or (3) when the claim is predicated on attorney misconduct. *Whitehead v. State*, 402 S.W.3d 615, 623-24 (Tenn. 2013).

When a petitioner alleges that the statute should be tolled based upon the conduct of his attorney, tolling is appropriate only "upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Id.* at 631 (citing *Holland v. Florida*, 560 U.S. 631, 649

3

(2010)).  An "extraordinary circumstance" exists when a petitioner's attorney of record abandons the petitioner or acts in a manner directly adverse to the petitioner's interest.  *Id.* Equitable tolling of the statute is a remedy that should be utilized sparingly in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period and gross injustice would result."  *Id.* at 631-32 (citations omitted).  As a result, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."  *Id.* at 632 (citations omitted).

The petitioner does not dispute that he filed his petition beyond the one-year statute of limitations period.  He filed his petition on August 9, 2013, nearly eleven years after his direct appeal was denied by this court.  He offered no justification for this delay, and there was no evidence in the record to indicate that the petitioner was diligently pursuing his rights during the delay.  The petitioner argues that he did not realize that trial counsel failed to file an application to appeal to the supreme court, but, as his letters indicate, his first inquiries into whether an appeal was filed were not made until May of 2013.  Trial counsel's statement that he was looking to see if there were any issues to appeal to the supreme court does not constitute an "extraordinary circumstance" that prevented the petitioner from filing a timely petition.  As the post-conviction court noted, the statement did not equate to a promise to appeal or indicate to the petitioner that there was ongoing appellate litigation that would prevent him from pursuing a post-conviction claim.  Therefore, we conclude that the post-conviction court properly denied the petition as time-barred.  The petitioner is not entitled to relief as to this claim.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE

4