IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 17, 2019 at Knoxville

## CASEY CARLOS RAINES v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Cheatham County**
**No. 17418     Larry Wallace, Judge**

---

### No. M2019-00805-CCA-R3-PC

---

The petitioner, Casey Carlos Raines, appeals the dismissal of his petition for post-conviction relief, which petition challenged his 2016 convictions of simple possession of methamphetamine and failure to appear, as time-barred. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Leonard Gonzalez Belmares, II, Dickson, Tennessee, for the appellant, Casey Carlos Raines.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Assistant Attorney General; W. Ray Crouch, Jr., District Attorney General; and Margaret F. Sagi, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On December 14, 2015, the petitioner, originally charged via a six-count presentment with one count each of simple possession of methamphetamine, driving on a revoked license, criminal impersonation, violation of the motor vehicle registration requirements, and two counts of failure to appear, pleaded guilty to simple possession of methamphetamine and one count of failure to appear. The plea documents indicate that, in exchange for his pleas of guilty, the petitioner received a total effective sentence of four years and dismissal of the remaining charges. The plea documents also indicate that the petitioner's four-year sentence was "suspended to community corrections" and that it was to be served "consecutively to community corrections in Montgomery Co. case no.

41000952." The judgment forms bear an entry date of December 14, 2015, but were stamped as filed on January 4, 2016.

On April 27, 2017, the petitioner moved the trial court for jail credits for the period from October 14 to December 14, 2015, and to "fix" the judgments in his case, noting that the Department of Correction "has case #17418 ran consecutive to his 41000952 Montgomery Co. which is incorrect." On July 11, 2017, the trial court entered an agreed order awarding the petitioner jail credits in this case. On July 25, 2017, the trial court entered an order appointing counsel to represent the petitioner "under Tennessee Code Annotated, Sec. 40-14-202." No original petition for post-conviction relief appears in the record.

In a September 2018 amended petition for post-conviction relief, the petitioner conceded that neither his April 2017 pro se motion to correct the judgment nor his June 2017 pro se motion for jail credits[1] was filed within the one-year statute of limitations for filing a petition for post-conviction relief but argued that "a [p]etition which challenges the voluntariness of a plea must be considered on the merits even if filed outside of the statutory grounds." As grounds for relief, the petitioner claimed that his pleas were not voluntarily entered.

The post-conviction court dismissed the petition as time barred on April 8, 2019, finding that neither of the petitioner's petitions for post-conviction relief were filed within the statute of limitations and that due process principles did not require the tolling of the statute of limitations in this case.

In this timely appeal, the petitioner contends that the post-conviction court erred by dismissing his petition as untimely. The State asserts that the trial court did not err.

As an initial matter, we note that no document styled as an original, pro se petition for post-conviction relief appears in the record on appeal. Both the court's order dismissing the action and the amended petition for post-conviction relief reference motions filed by the petitioner in April and June of 2017, neither of which specifically asks for post-conviction relief. That being said, "[i]t is well settled that a trial court is not bound by the title of the pleading[] but has the discretion to treat the pleading according to the relief sought." *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn. 1995) (citations omitted). Treating either of the motions as a petition for post-conviction relief, however, would not avail the petitioner of the relief he desires.

---

[1]     This document does not appear in the record on appeal.

Code section 40-30-102 provides that a petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final," otherwise, "consideration of the petition shall be barred." T.C.A. § 40-30-102(a). The statute of limitations for filing a post-conviction petition is jurisdictional. *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met].").

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b). Code section 40-30-122 further provides:

> For purposes of this part, a new rule of constitutional criminal law is announced if the result is not dictated by precedent existing at the time the petitioner's conviction became final

-3-

and application of the rule was susceptible to debate among reasonable minds. A new rule of constitutional criminal law shall not be applied retroactively in a post-conviction proceeding unless the new rule places primary, private individual conduct beyond the power of the criminal law-making authority to proscribe or requires the observance of fairness safeguards that are implicit in the concept of ordered liberty.

*Id.* § 40-30-122.

Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992); *see also generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000). "[A] post-conviction petitioner is entitled to due process tolling of the one-year statute of limitations upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Bush v. State*, 428 S.W.3d 1, 22 (Tenn. 2014) (citing *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013)).

In this case, the petitioner has neither alleged nor shown that he was diligently pursuing his rights or that any "extraordinary circumstance" prevented his timely filing a petition for post-conviction relief in this case. In consequence, he has failed to establish entitlement to due process tolling of the statute of limitations for filing a petition for post-conviction relief, and, as a result, his claim of an involuntary guilty plea is time barred.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-